IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADRIANA DONALDSON<br><br>PLAINTIFF,<br><br>V.<br><br>AMERICA CRUISE FERRIES, INC.; BAJA FERRIES, S.A.; JOHN DOE; AND RICHARD ROE INSURANCE COMPANY<br><br>DEFENDANTS | CIVIL NO.<br><br>ACTION FOR DAMAGES AND IN TORT<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

## COMPLAINT

**NOW COME** Plaintiffs Adriana Donaldson, through their undersigned attorneys, TRONCOSO & SCHELL, and very respectfully state, allege and pray as follows:

### I.   PARTIES

1.   Plaintiff Adriana Donaldson is and was, at all relevant times, married, a psychologist, and resident of Santo Domingo, Dominican Republic and a citizen of said country.

2.   Defendant America Cruise Ferries, Inc. ("Ferries") is and was, at all times relevant hereto, a domestic corporation, incorporated in Puerto Rico, with its principal place of business in San Juan, Puerto Rico.

3.   Defendant Ferries is and was at all times relevant hereto the operator of the M/V Caribbean Fantasy, a sea going vessel which made regular seagoing trips to and from Santo Domingo, Dominican Republic, and San Juan, Puerto Rico.

4.   Defendant Baja Ferries, S.A. ("Baja") is a legal entity organized under the laws of a country other than the Dominican Republic and domiciled in a country other than the Dominican

Republic.

5.   Defendant Baja is and was at all times relevant hereto the owner of the M/V Caribbean Fantasy.

6.   Defendant John Doe is an individual or entity domiciled in or incorporated in the Commonwealth of Puerto Rico, who is also liable to Plaintiffs.

7.   Defendant Richard Roe Insurance Company is an insurance company duly organized and existing under the laws of the Commonwealth of Puerto Rico, that issued a policy of insurance covering the facts of this case on behalf of Defendants Ferries, Baja and/or John Doe.

## II.   JURISDICTION AND ALLEGATIONS COMMON TO ALL CLAIMS

8.   This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332 in that Plaintiff is a citizen of the Dominican Republic, the Defendants are citizens of a country other than the Dominican Republic and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9.   Venue is proper in this Court pursuant to 28 U.S.C § 1391, because one or more of the Defendants reside in this judicial district and the sea going vessel sailed from the Port of Santo Domingo, Dominican Republic, to the Port of San Juan, Puerto Rico, and the accident subject of this complaint occurred just outside the Bay of San Juan.

## III. FACTS

**a.**   **Plaintiff Adriana Donaldson**

10. On August 16, 2016, Plaintiff Adriana Donaldson boarded the M/V Caribbean Fantasy for a round trip voyage from the Dominican Republic to Puerto Rico and return, on board the M/V Caribbean Fantasy. The M/V Caribbean Fantasy was scheduled to dock in the Port of San

Juan early on morning of August 17, 2016.

11. Ms. Donaldson did not reserve a cabin on board the M/V Caribbean Fantasy, so she spent the voyage from the Dominican Republic to Puerto Rico on a public area, as many other passengers had opted to do.

12. At about 7:00 a.m. of August 17, 2016, Ms. Donaldson heard an alarm through the vessel's public address system, advising the public that there was a fire on board the M/V Caribbean Fantasy, which was out of control and instructing the passengers to walk to the upper deck.

13. As instructed, Ms. Donaldson proceeded to the upper deck, where she was met by a chaotic scene, as people were hysterical, screaming, pushing each other, shouting and some even jumped overboard to the open sea. At this juncture, she was exposed to the pungent smoke generated by the fire on board the M/V Caribbean Fantasy.

14. As a healthy adult and after what seemed like an eternity to her, Ms. Donaldson was one of the last passengers to be instructed to leave the vessel, through a slide towards a holding raft, where they would be transferred to a second vessel and get to safety.

15. As a result of sliding down to the holding raft, Ms. Donaldson suffered an injury to her right knee and right elbow, as she became stuck in the slide.

16. Once on board the holding raft, Ms. Donaldson was literally thrown by the crew from the vessel towards an emergency raft, where she, and the other passengers and crew members on board had to wait for hours to be transported to shore. While waiting in the raft for transport to shore, all passengers and crew members became sick and began throwing up uncontrollably, as a result of which she became impregnated not only with her vomit, but with that of fellow passengers

and crew members.

17. After many hours, Ms. Donaldson was finally transported to shore, where she was taken to the Hoare Municipal Health Care Dispensary, where after receiving emergency medical treatment, her condition was diagnosed as torn ligaments in her right knee.

18. Ms. Donaldson's trip to Puerto Rico, had been scheduled as a vacation, which was ruined by the ordeal of August 17, 2016, coupled with the fact that she had to spent many days without clothes, as all of her luggage with her personal items remained on board the M/V Caribbean Fantasy.

19. At present, Ms. Donaldson continues with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

20. In all, Ms. Donaldson will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the the M/V Caribbean Fantasy on August 17, 2016.

## IV. NEGLIGENCE AND LIABILITY

21. About a month prior to August 17, 2016, events averred herein, the M/V Caribbean Fantasy underwent extensive repair work in the Port of Tunis, Tunisia, which included extensive work in her engines, as well as other appurtenances.

22. After concluding the work, the M/V Caribbean Fantasy continued from the Port of Tunis to the Port of Gibraltar for refueling, prior to continuing across the Atlantic to Puerto Rico. However, the M/V Caribbean Fantasy was unable to immediately leave the Port of Gibraltar, as her engines failed and had to undergo further repairs.

23. After the repairs were done at the Port of Gibraltar, M/V Caribbean Fantasy proceed to the Port of San Juan, Puerto Rico. However, during the voyage crossing the Atlantic Ocean, its engines failed once again and the M/V Caribbean Fantasy was adrift for a whole day in the middle of the ocean.

24. As a result of the second engine mishap in the Atlantic Ocean, the crew were able to start one of the M/V Caribbean Fantasy's engines and had to change course to the Port of Santo Domingo, Dominican Republic, since the authorities do not allow a vessel such as the M/V Caribbean Fantasy to enter the Port of San Juan with just one engine.

25. In the Port of Santo Domingo the M/V Caribbean Fantasy underwent further engine repairs, before proceeding to the Port of San Juan with its two (2) engines.

26. While at the Port of San Juan, the M/V Caribbean Fantasy underwent the necessary trials and inspections, in order to renew its Coast Guard license, the vessel appurtenances and crew were inspected and tested. However, out of the three tenders that the vessel possessed, only one was working. During the emergency of August 17, 2016, when the tenders of the M/V Caribbean Fantasy were used, only one worked properly, as the other two (2) failed to work. One of them got stuck in the ropes while being lowered, and after hours of waiting in despair in it, the passengers on board had to be transferred to another vessel for transport to shore. The third tender, after initially getting stuck in the ropes while being lowered, when it finally was placed in the ocean, its engine failed and was adrift in the ocean for some hours before the passengers inside it were rescued by other vessels.

27. In addition, on the evening of the date of the facts the passengers reported that the air conditioner inside the cabins was not working, and never worked. This, a further indication that

something was wrong with mechanical and/or electrical appurtenances of the M/V Caribbean Fantasy.

28. Finally, it was evident by the despair and chaos that ensued as soon as the abandon ship was ordered, that the crew of the M/V Caribbean Fantasy had not been properly trained in emergency and evacuation procedures.

29. In all, as a result of the defective engines, of which defendants had ample notice prior to August 17, 2016, the fact that only one of the three tenders of the vessel were working and the fact that its crew had not been properly trained in emergency evacuation procedures, the M/V Caribbean Fantasy was rendered unseaworthy.

30. Defendants were negligent in the maintenance provided to the M/V Caribbean Fantasy, particularly as it pertains to its engines and other appurtenances, such as its emergency tenders, as well as in the repairs conducted on its engines.

31. It was totally irresponsible and grossly negligent for the Defendants to operate the vessel on August 16 and 17, 2016, knowing of that the M/V Caribbean Fantasy was unseaworthy as a result of its defective engines, defective emergency tenders, defective emergency equipment, deficient emergency procedures and deficient training of its crew in emergency and evacuation procedures. Because of that, Defendants are liable to plaintiffs for all of their damages.

## V. DAMAGES

a. **Plaintiff Adriana Donaldson**

32. Plaintiff Adriana Donaldson suffered physical and psychological injuries as a result of the events of August 17, 2016, such as:

   a. smoke inhalation;

b. injuries through her body, but particularly to her right leg, knee and right arm and elbow; and

c. psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

33. In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Donaldson suffered damages in excess of the sum of $1,000,000.00.

34. In addition to the foregoing, Ms. Donaldson has suffered property damages due to the lost goods that she had to leave behind in the M/V Caribbean Fantasy, in excess of $1,000.00.

## VI. JURY DEMAND

35. Plaintiffs demand trial by jury on all issued so triable.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

a. Determine that Plaintiffs have suffered damages and that defendants are liable;

b. Determine the fair amount of damages suffered by plaintiffs;

c. Enter a judgment in favor of Plaintiffs and against Defendants in the amount of the damages suffered by them;

d. Award Plaintiffs the costs and expenses of this action, including reasonable attorney's fees and

e. Grant such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 24th day of August, 2016.

**I HEREBY CERTIFY** that on August 24, 2016, we presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

*s/Richard Schell-Asad*
Richard Schell-Asad - USDC-PR No. 203207
Attorney for Plaintiffs

**Troncoso & Schell**
254 San José St.
El Mundo Bldg., Third Floor
San Juan, PR 00901
Tel: (787) 722-0741
Fax: (787) 724-2563
E mail: rschellasad@aol.com