**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ADRIANA DONALDSON; MARIANO DE LEÓN and ANA LUCÍA LORENZO, on their own stead and as parents with custody over minor plaintiffs BEN HIRAM DE LEÓN LORENZO and BENAZIR DE LEÓN LORENZO; ANA LAURA BACILIO; YUNIOR ALBERTO MAURICIO and RAQUEL AMARILIS TRINIDAD, on their stead and as parents with patria potestas and custody over minor plaintiff ISMAEL ESTEBAN MAURICIO; YUAMARY ESMERALDA MAURICIO; JOSAFAT ALBERTO MAURICIO; HITHER AMAURIS TRINIDAD; MERCEDES ABREU REYES; ORLENDA ALTAGRACIA DE JESÚS and ALEJANDRO JOSÉ TAVERAS REYES, on their own stead and as parents with patria potestas and custody over minor plaintiffs MARIANA ALEJANDRA TAVERAS DE JESÚS and MARÍA ALEJANDRA TAVERAS DE JESÚS; FRANCIS RAQUEL RAMÍREZ BALBUENA; JUAN CARLOS UREÑA<br><br>      PLAINTIFFS,<br><br>        V.<br><br>AMERICA CRUISE FERRIES, INC.; BAJA FERRIES, USA, LLC; JOHN DOE; RICHARD ROE; and ABC INSURANCE COMPANY<br><br>      DEFENDANTS | CIVIL NO.  16-2529(DRD)<br><br><br>ACTION FOR DAMAGES AND IN TORT<br><br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

**AMENDED COMPLAINT**

**NOW COME** Plaintiffs Adriana Donaldson, et al., through their undersigned attorneys,

**TRONCOSO & SCHELL**, and very respectfully state, allege and pray as follows:

# I.PARTIES

## a.      Plaintiffs

1.      Plaintiff Adriana Donaldson is and was, at all relevant times, of legal age, and resident of Santo Domingo, Dominican Republic and a citizen of said country.

2.      Plaintiffs Mariano de Léon Ortega and Ana María Lucía Lorenzo, are married to each other, the parents of minor plaintiffs Ben Hiram de León Lorenzo and Benazir de León Lorenzo, and residents of Las Matías de Falcón, Dominican Republic.

3.      Plaintiff Ana Laura Bacilio is of legal age, and a resident of Santo Domingo, Dominican Republic.

4.      Plaintiffs Yunior Alberto Marucio and Raquel Amarilis Trinidad are of legal age, married to each, the parents with patria potestas and custody over minor plaintiff Ismael Esteban Mauricio and residents of Sabana de la Mar, Dominican Republic.

5.      Plaintiff Yuamary Esmeralda Mauricio is of legal age, daughter of plaintiffs Yunior Alberto Mauricio and Raquel Amarilis and resident of Sabana de la Mar, Dominican Republic.

6.      Plaintiff Josafat Alberto Mauricio, is of legal age, son of plaintiffs Yunior Alberto Mauricio and Raquel Amarilis and resident of Sabana de la Mar, Dominican Republic.

7.      Plaintiff Hither Amauris Trinidad is of legal age, the brother of Ms. Raquel Amairlis Trinidad and brother in law of Mr. Yunior Alberto Mauricio, and a resident of Santo Domingo, Dominican Republic.

8.      Plaintiff Mercedes Abreu Reyes is of legal age, a retired teacher, and a resident of Santo Domingo, Dominican Republic.

9.      Plaintiffs Orlenda Altagracia de Jesús and Alejandro José Reyes are married to each

2

other, the parents of minor plaintiffs Mariana Alejandra Taveras de Jesús and María Alejandra Taveras de Jesús, and residents of Santiago, Dominican Republic.

10.     Plaintiff Juan Carlos Ureña is of legal age, construction worker, married to plaintiff Francis Raquel Ramírez Balbuena and a resident of Santo Domingo, Dominican Republic.

11.     Plaintiff Francis Raquel Ramírez  Balbuena is of legal age, a psychologist, married to plaintiff Juan Carlos Ureña and a resident of Santo Domingo, Dominican Republic.

12.     All plaintiffs herein were fare paying and lawful passengers on board the M/V Caribbean Fantasy, boarding the vessel on August 16, 2016, at the Port of Santo Doming, Dominican Republic, and scheduled to arrive to the Port of San Juan early in the morning of August 17, 2016.

**b.     Defendants**

13.     Defendant America Cruise Ferries, Inc. ("Ferries") is and was, at all times relevant hereto, a domestic corporation, incorporated in Puerto Rico, with its principal place of business in San Juan, Puerto Rico.

14.     Defendant Baja Ferries, USA LLC ("Baja") is a legal entity organized under the laws of the State of Florida and domiciled in the State of Florida.

15.     Defendant Baja is and was at all times relevant hereto the owner and/or operator of the M/V Caribbean Fantasy.

16.     Defendant John Doe is the fictitious name of an individual or entity domiciled in or incorporated in a state of the United States, which may be liable to plaintiffs for the damages resulting from the facts averred herein. Once its true name is ascertained, the corresponding amendment to the complaint will be made.

17.     Defendant Richard Roe is the fictitious name of an individual or entity domiciled in or incorporated in a state of the United States, which may be liable to plaintiffs for the damages resulting from the facts averred herein. Once its true name is ascertained, the corresponding amendment to the complaint will be made.

18.     Defendant ABC Insurance Company is the fictitious name of one or more insurance companies duly organized and existing under the laws of the Commonwealth of Puerto Rico, that issued a policy of insurance covering the facts of this case on behalf of Defendants Ferries, Baja and/or John Doe. Once its true name is ascertained, the corresponding amendment to the complaint will be made.

## II.     JURISDICTION AND ALLEGATIONS COMMON TO ALL CLAIMS

19.     This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332 in that Plaintiffs are citizen of the Dominican Republic, the Defendants are citizens of a country other than the Dominican Republic and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

20.     Venue is proper in this Court pursuant to 28 U.S.C § 1391, because one or more of the Defendants reside in this judicial district and the sea going vessel sailed from the Port of Santo Domingo, Dominican Republic, to the Port of San Juan, Puerto Rico, and the accident subject of this complaint occurred just outside the Bay of San Juan.

## III. FACTS

**a.     Adriana Donaldson**

21.     Ms. Donaldson did not reserve a cabin on board the M/V Caribbean Fantasy, as she intended to spend the voyage from the Dominican Republic to Puerto Rico in the vessel's general

4

seating area, as many other passengers had opted to do.

22.    At about 7:00 a.m. of August 17, 2016, Ms. Donaldson heard an alarm through the vessel's public address system, advising the public that there was a fire on board the M/V Caribbean Fantasy, which was out of control and instructing the passengers to walk to the upper deck. At the time of the mishap, the vessel was within a mile of the Bay of San Juan, well within the territorial waters of Puerto Rico.

22.    As instructed, Ms. Donaldson proceeded to the upper deck, where she was met by a chaotic scene, as people were hysterical, screaming, pushing each other, shouting and some even jumped overboard to the open sea. At this juncture, she was exposed to the pungent smoke generated by the fire on board the M/V Caribbean Fantasy.

23.    As a healthy adult and after what seemed like an eternity to her, Ms. Donaldson was one of the last passengers to be instructed to leave the vessel, through a slide towards a holding raft, where they would be transferred to a second vessel and get to safety.

24.    As a result of sliding down to the holding raft, Ms. Donaldson suffered an injury to her right knee and right elbow, as she became stuck in the slide.

25.    Once on board the holding raft, Ms. Donaldson was literally thrown by the crew from the vessel towards an emergency raft, where she, and the other passengers and crew members on board had to wait for hours to be transported to shore. While waiting in the raft for transport to shore, all passengers and crew members became sick and began throwing up uncontrollably, as a result of which she became impregnated not only with her vomit, but with that of fellow passengers and crew members.

26.    After many hours, Ms. Donaldson was finally transported to shore, where she was

taken to the Hoare Municipal Health Care Dispensary, where after receiving emergency medical treatment, her condition was diagnosed as torn ligaments in her right knee.

27.    Ms. Donaldson's trip to Puerto Rico, had been scheduled as a vacation, which was ruined by the ordeal of August 17, 2016, coupled with the fact that she had to spent many days without clothes, as all of her luggage with her personal items remained on board the M/V Caribbean Fantasy.

28.    At present, Ms. Donaldson continues with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

29.    In all, Ms. Donaldson will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**b.    Mariano de Léon Ortega, Ana María Lucía Lorenzo, Ben Hiram de León Lorenzo, Benazir de León Lorenzo**

30.    Mariano de León Ortega and Ana Lucía Lorenzo are married to each other and the parents with patria potestas and custody over minors Ben Hiram de León Lorenzo and Benazir de León Lorenzo.

31.    On August 16, 2016 they boarded the M/V Caribbean Fantasy and spent the evening on one of its berths. The evening was characterized as particularly hot and muggy, as the air-conditioning system on board was not working.

32.    Sometime after 7:00 a.m. on August 17, 2016, while they were having breakfast, they were asked to abandon the vessel's restaurant, due to the amount of smoke that was entering.

They were later advised to proceed to the upper deck, where they received the order to "abandon ship", due to a fire on board that was out of control.

33.     Upon hearing said news, pandemonium broke out and the scene was marked by total chaos.  During this chaotic scene, Mr. De León Ortiz was told to leave his hand luggage behind, in which he had $50,000.00 in cash, as he intended to buy a vehicle during his vacation in Puerto Rico. After some time on deck, they proceeded to board one of the three emergency tenders of the vessel.

34.     As the tender was being lowered to the ocean, one of the lines got stuck and the tender began to hit the side of the M/V. Caribbean Fantasy, as a result of the wave action. During this time, the occupants of said tender received multiple trauma and contusions.

35.     The hull of the tender also suffered damages, due to cracks sustained by the impacts against the side of the M/V Caribbean Fantasy and commenced to make water, further exacerbating the injuries suffered by the plaintiffs.

36.     Once the tender was freed from the cable and lowered, it was done with great force, as if it had been dropped without any control, which further caused injuries to the tender's occupants.

37.     When the tender was freed from the lines and its engine was started, it became evident that it did not work, as a result of which the tender was adrift for various hours in the open Atlantic Ocean. During this time at sea, the tender began to make water through the cracks in the hull as a result of the banging against the hull of the vessel, for which the passengers and crew members on board had to frantically thread water out. Likewise, most passengers and crew members on board got sick, and the dantesque scene was marked by the constant vomiting of

people inside the tender, including on themselves.

38.     After was seemed an eternity, the emergency responders began to transfer people from the tender to a second boat. After only about fifty people remained on board, the tender was towed to shore. By this time, many hours had transpired.

39.     At present, Mr. Mariano de Léon Ortega, Ms. Ana María Lucía Lorenzo and their children Ben Hiram de León Lorenzo, Benazir de León Lorenzo continue with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

40.     In all, Mr. Mariano de Léon Ortega, Ms. Ana María Lucía Lorenzo and their children Ben Hiram de León Lorenzo, Benazir de León Lorenzo will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**c.     Ana Laura Bacilio**

41.     Ms. Ana Laura Bacilio did not reserve a cabin on board the M/V Caribbean Fantasy, as she intended to spend the voyage from the Dominican Republic to Puerto Rico in the vessel's general seating area, as many other passengers had opted to do.

42.     As the vessel approached the Port of San Juan, Ms. Bacilio went outside to view the entrance to the Bay of San Juan, as many other passengers intended to. However, due to the inordinate amount of smoke emitted by the vessel, she could not stand outside for long and had to go back inside the vessel.

43.     At about 7:15 a.m. she heard the announcement that a fire was out of control and the order to evacuate the vessel.

8

44.     When she went to the upper deck, the scene was chaotic and disorganized, to the point that there was even a shortage of life vests, as a result of which many adults had to wear children life vests.

45.     After a considerable amount of time in the vessel's upper decks, during which she inhaled an inordinate amount of smoke, she had to evacuate through a "slide", down to a floating platform. As a result of this, she sustained a laceration in her back, trauma to her arms, back and neck.

46.     From the floating platform, she was transported to small craft, and then to another vessel. Upon boarding this last vessel, Ms. Bacilio fainted and regained consciousness back in port.

47.     Upon reaching port, she had to be transported to Pavía Hospital, where her level of oxygenation was down to 90%. Thus, she not only received care for her wounds, but also for her oxygenation and sedatives to calm her nerves.

48.     As a result of the events in question, she also lost her baggage, cellular phone and an Anne Klein watch.

49.     At present, Ms. Bacilio continues with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

50.     In all, Ms. Bacilio will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**d.      Yunior Alberto Mauricio, Raquel Amarilis Trinidad, Ismael Esteban Mauricio,**

**Yuamary Esmeralda Mauricio, Josafat Alberto Mauricio and Hither Amauris Trinidad**

51.     Plaintiffs Yunior Alberto Mauricio, Raquel Amarilis Trinidad, Ismael Esteban Mauricio, Yuamary Esmeralda Mauricio, Josafat Alberto Mauricio and Hither Amauris Trinidad did not reserve a cabin on board the M/V Caribbean Fantasy, as they purchased their tickets to spend the voyage from Santo Domingo, Dominican Republic, to San Juan, Puerto Rico, in the general sitting area in the upper decks of the vessel.

52.     At about 6:00 a.m. of August 17, 2016, they walked outside to see the entrance of the ferry to the Bay of San Juan. However, they immediately noticed that the vessel had stopped dead in the water, that there was an inordinate amount of smoke being emitted by the engines and a number of small boats were approaching the ferry. As the smoke became intolerable, they had to go back inside.

53.     At about 7:00 a.m., they were ordered to the upper decks and to abandon ship, because a fire onboard could not be controlled.

54.     Initially, the crew of M/V Caribbean Fantasy could not lower its emergency tenders, as they malfunctioned.

55.     At one point, the crew placed Yuamary Esmeralda Mauricio, who is deaf, by herself onboard one of the tenders, an action which met stiff resistance from her parents and uncle, since being deaf and without their presence she would have been unable to communicate with anyone.

56.     As a result of their opposition, the whole family was placed in one of the tenders, with some 105 other passengers of the ferry.

57.     While the tender was being lowered, it got stuck on the way down and as a result of the wave action, it began to hit the hull of the ferry, and its bottom cracked. During the

10

maneuver, one of the cables holding the tender broke and the tender had one of its sides inside the water and the other was not (tilted).

58.     The initial efforts to get out of the stuck ferry to a rescue vessel initially failed, and they had to spent various hours inside the tilted tender, hitting the hull of the ferry due to the wave action, inhaling smoke, some of the passengers became ill and began to vomit, while others even fainted. When they were finally able to let go from the ferry, they hit the water with great force. As a result of the numerous times that the tender struck the hull of the ferry and the force with which it hit the water, its passengers suffered bodily injuries.

59.     At given moment a tugboat attempted to retrieve the occupants of the tender, and as the waves pushed the vessels against each other, the tender began to break up and the evacuation effort had to be abandoned.

60.     The tender then began to aimlessly navigate, as if the crew did not have a clue as to where to head and all the passengers began to inhale the engine's smoke, which poured inside the cabin.

61.     After many hours of suffering inside the tender, it finally sailed to the area by San Juan Bay Marina, where the occupants disembarked.

62.     At present, Mr. Yunior Alberto Mauricio, Ms. Raquel Amarilis Trinidad and their children Ismael Esteban Mauricio, Yuamary Esmeralda Mauricio, and Josafat Alberto Mauricio and Mr. Hither Amauris Trinidad continue with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

63.     In all, At present, Mr. Yunior Alberto Mauricio, Ms. Raquel Amarilis Trinidad and

11

their children Ismael Esteban Mauricio, Yuamary Esmeralda Mauricio, and Josafat Alberto Mauricio and Mr. Hither Amauris Trinidad will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**e.     Mercedes Abreu Reyes**

64.     Plaintiff Mercedes Abreu Reyes, a retired teacher, boarded the M/V Caribbean Fantasy on August 16, 2016, to travel to Puerto Rico, with the intention of spending a vacation.

65.     Early in the morning of August 17, 2016, Ms. Abreu Reyes noticed that there was a lot of smoke coming into the M/V. Caribbean Fantasy, as well as a strong smell of burning.

66.     Ms. Abreu Reyes then notices the commotion of passengers and crewmembers, and upon listening to the instructions to proceed to an upper deck, she follows the command. While waiting for things to be organized at the vessel's upper deck, Ms. Abreu Reyes inhaled an inordinate amount of smoke.

67.     Notwithstanding the commotion in the vessel's upper deck, Ms. Abreu Reyes is placed in the first tender to leave the M/V Caribbean Fantasy.  However, while being lowered, this ferry got stuck on the way down and due to the wave action, began to strike the hull of the M/V Caribbean Fantasy.

68.      While the tender was being lowered, it got stuck on the way down and as a result of the wave action, it began to hit the hull of the ferry, and its bottom cracked. During the maneuver, one of the cables holding the tender broke and the tender had one of its sides inside the water and the other was not (tilted).  During this ordeal, Ms. Abreu Reyes sustained trauma throughout her body.

69.     The initial efforts to get out of the stuck ferry to a rescue vessel initially failed, and they had to spent various hours inside the tilted tender, hitting the hull of the ferry due to the wave action, inhaling smoke, some of the passengers became ill and began to vomit, while others even fainted. When they were finally able to let go from the ferry, they hit the water with great force. As a result of the numerous times that the tender struck the hull of the ferry and the force with which it hit the water, its passengers suffered bodily injuries.

70.     At given moment a tugboat attempted to retrieve the occupants of the tender, and as the waves pushed the vessels against each other, the tender began to break up and the evacuation effort had to be abandoned.

71.     The tender then began to aimlessly navigate, as if the crew did not have a clue as to where to head and all the passengers began to inhale the engine's smoke, which poured inside the cabin.

72.     After many hours of suffering inside the tender, it finally sailed to the area by San Juan Bay Marina, where the occupants disembarked.

73.     At present, Ms. Areu Reyes continues with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

74.     In all, Ms. Abreu Reyes will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**f.     Orlenda Altagracia de Jesús, Alejandro Taveras Reyes, Mariana Alajandra Taveras de Jesús and Maria Alejandra Taveras de Jesús**

75.     Plaintiffs Orlenda Altagracia de Jesús and Alejandro Taveras Reyes, are married to each other and the parents with patria potestas and custody over minors Mariana Alajandra Taveras de Jesús and Maria Alejandra Taveras de Jesús.

76.     On August 16, 2016 they boarded the M/V Caribbean Fantasy and spent the evening on one of its berths. The evening was characterized as particularly hot and muggy, as the air-conditioning system on board was not working.

77.     Sometime after 7:00 a.m. on August 17, 2016, they heard a commotion outside of their berth, which was close to the vessel's reception area, and heard the instruction to leave everything while they were having breakfast, they were asked to abandon the vessel's restaurant, due to the amount of smoke that was entering. They were later advised to proceed to the upper deck, where they received the order to "abandon ship", due to a fire on board that was out of control.

78.     Upon hearing said news, pandemonium broke out and the scene was marked by total chaos.  On topside, they had to wait for some time before being told to board one of its tenders, and during this time, they inhale an inordinate amount of smoke.

79.     As the tender was being lowered to the ocean, one of the lines got stuck and the tender began to hit the side of the M/V. Caribbean Fantasy, as a result of the wave action. During this time, the occupants of said tender received multiple trauma and contusions.

80.     The hull of the tender also suffered damages, due to cracks sustained by the impacts against the side of the M/V Caribbean Fantasy and commenced to make water, further exacerbating the injuries suffered by the plaintiffs.

81.     Once the tender was freed from the cable and lowered, it was done with great force,

14

as if it had been dropped without any control, which further caused injuries to the tender's occupants.

82.     When the tender was freed from the lines and its engine was started, it became evident that it did not work, as a result of which the tender was adrift for various hours in the open Atlantic Ocean. During this time at sea, the tender began to make water through the cracks in the hull as a result of the banging against the hull of the vessel, for which the passengers and crew members on board had to frantically thread water out. Likewise, most passengers and crew members on board got sick, and the dantesque scene was marked by the constant vomiting of people inside the tender, including on themselves.

83.     After was seemed an eternity, the emergency responders began to transfer people from the tender to a second boat. After only about fifty people remained on board, the tender was towed to shore. By this time, many hours had transpired.

84.     At present, Ms. Orlenda Altagracia de Jesús, Mr. Alejandro Taveras Reyes, and their children Mariana Alajandra Taveras de Jesús and Maria Alejandra Taveras de Jesús continue with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

85.     In all, Ms. Orlenda Altagracia de Jesús, Mr. Alejandro Taveras Reyes, and their children Mariana Alajandra Taveras de Jesús and Maria Alejandra Taveras de Jesús will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

g.     **Juan Carlos Ureña and Francis Raquel Ramírez Balbuena**

86.     On August 16, 2016, plaintiffs Juan Carlos Ureña and Francis Raquel Ramírez

Balbuena boarded the M/V Caribbean Fantasy in Santo Doming, Dominican Republic, for transportation to San Juan, Puerto Rico, where they intended to spend a vacation visiting family and friends.

87.     The spent the evening and the voyage towards Puerto Rico in the vessel's general seating area, which was characterized as being hot, as the a/c was not working appropriately.

88.     Shortly after 7:00 a.m. in the morning of August 17, 2016, they noticed an inordinate amount of smoke that was entering the vessel and shortly thereafter an order to evacuate the area and to proceed topside was given, an order which they heeded.

89.     Once on topside, they viewed and experienced a chaotic scene characterized by disorganized way it was being organized and handled by the vessel's crew. During this time, which to them it seemed like an eternity, they inhaled an inordinate amount of smoke.

90.     After what it seemed to them like an eternity, they were directed to egress the vessel through a slide that had been hastily placed from the upper deck, down to sea level, where the passenger would land on top of a floating platform.

91.     As Ms. Francis Raquel Ramírez Balbuena left foot got caught on a "bump" in the slide, as a result of which she dangled upside down in the slide, needing the help of a crew member to untangle her.  As a result thereof, she suffered injuries to her left knee, including a teared tendon and a teared ligament. She also sustained burns throughout her body.

92.     As Mr. Juan Carlos Ureña came down the slide, he also sustained injuries and burns throughout his body.

93.     After being transferred from the floating platform to a tender, they were transported to a Coast Guard vessel and transported to the port of San Juan, from which they were taken to the

Puerto Rico Medical Center for medical care and treatment.

94.     From the Puerto Rico Medical Center they were discharged home, with instructions to continue their medical care and treatment. In the case of Ms. Ramírez Balbuena, this entails surgery and physical rehabilitation.

95.     At present, Mr. Juan Carlos Ureña and Ms. Francis Raquel Ramírez Balbuena continue with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

96.     In all, Mr. Juan Carlos Ureña and Ms. Francis Raquel Ramírez Balbuena will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

## IV. NEGLIGENCE AND LIABILITY

97.     Ever since entering service in Puerto Rico/Dominican Republic market and route, the M/V Caribbean Fantasy has had a poor maintenance and repair record. During the past three (3) years, 10.53% of all governmental inspections of the M/V Caribbean Fantasy have resulted in detentions.

98.     A U.S. Coast Guard inspection earlier in the month of August, 2016, revealed deficiencies in related to fire safety and one to the propulsion and auxiliary machinery.

99.     During the month of October, 2016, the M/V Caribbean Fantasy was detained in the Port of San Juan for three (3) days for the following deficiencies: fire safety measures (international shore connection), crew certificates (certificates of competency) and ship's certificates and documents (safety manning document). The description of the fire prevention

deficiency reads as follows:

> The condition of the ship and its equipment shall be maintained to conform with the provisions of the present regulations to ensure that the ship in all respects will remain fit to proceed to sea without danger to the ship or persons onboard in the engineering spaces, PSCO found deck plates slippery and surfaces coated with an oily layer. Oil was seeping from machinery and all bilge surfaces had a 1" thick layer of oil; bilge pockets were full creating a fire hazard.

100.    About a month prior to August 17, 2016, events averred herein, the M/V Caribbean Fantasy underwent extensive repair work in the Port of Tunis, Tunisia, which included extensive work in her engines, as well as other appurtenances.

101.    After concluding the work, the M/V Caribbean Fantasy continued from the Port of Tunis to the Port of Gibraltar for refueling, prior to continuing across the Atlantic to Puerto Rico. However, the M/V Caribbean Fantasy was detained at the Port of Gibraltar, as her engines failed and had to undergo further repairs. Specifically, the vessel was detained in Gibraltar for six (6) days and the deficiencies were related to the vessel's auxiliary engines.

102.    After the repairs were done at the Port of Gibraltar, M/V Caribbean Fantasy proceed to the Port of San Juan, Puerto Rico. However, during the voyage crossing the Atlantic Ocean, its engines failed once again and the M/V Caribbean Fantasy was adrift for a whole day in the middle of the ocean.

103.    As a result of the second engine mishap in the Atlantic Ocean, the crew were able to start one of the M/V Caribbean Fantasy's engines and had to change course to the Port of Santo Domingo, Dominican Republic, since the authorities do not allow a vessel such as the M/V Caribbean Fantasy to enter the Port of San Juan with just one engine.

104.    In the Port of Santo Domingo the M/V Caribbean Fantasy underwent further engine repairs, before proceeding to the Port of San Juan with its two (2) engines.

18

105.    While at the Port of San Juan, the M/V Caribbean Fantasy underwent the necessary trials and inspections in order to renew its Coast Guard license, the vessel appurtenances and crew were inspected and tested. During the trials and testing, only one of the three (3) emergency tenders was tested.

106.    Ironically, during the emergency of August 178, 2016, out of the three tenders that the vessel possessed, only one worked. When the tenders of the M/V Caribbean Fantasy were called into use during the emergency, only one worked properly, as the other two (2) failed to work. One of them got stuck in the ropes while being lowered, and after hours of waiting in despair in it, the over one hundred (100) passengers on board had to be transferred one by one to other vessels for transport to shore. The third tender, after initially getting stuck in the ropes while being lowered, when it was finally lowered, its engine failed and was the tender adrift in the ocean for hours before the over hundred (100) passengers inside it were rescued by other vessels and the remaining passengers were towed to shore.

107.    Prior to departing Santo Domingo, Dominican Republic, on August 16, 2016, it was evident that the M/V Caribbean Fantasy was having mechanical and/or electrical problems, prompting a delay in its departure. This delay was masked to the passengers as a passenger being unwell who had to be removed. However, no one saw a passenger being removed from the M/F Caribbean Fantasy prior to departing.

108.    In addition, on the evening of the date of the facts the passengers reported that the air conditioner inside the cabins was not working, and never worked. In addition, the TV monitors throughout the vessel and the electrical outlets in the public areas did not work. All of this, a further indication that something was wrong with mechanical and/or electrical appurtenances of the M/V

Caribbean Fantasy.

109.    Finally, it was evident by the despair and chaos that ensued as soon as the abandon ship was ordered, that the crew of the M/V Caribbean Fantasy had not been properly trained in emergency and evacuation procedures.

110.    As a result of the defective engines, of which defendants had ample notice prior to August 17, 2016, the fact that only one of the three tenders of the vessel were working and the fact that its crew had not been properly trained in emergency evacuation procedures, the M/V Caribbean Fantasy was rendered unseaworthy.

111.    Defendants were negligent in the maintenance provided to the M/V Caribbean Fantasy, particularly as it pertains to its engines and other appurtenances, such as its emergency tenders, as well as in the repairs conducted on its engines. Said negligence, rendered the vessel unseaworthy and unfit for the transportation of passengers by hire.

112.    It was totally irresponsible and grossly negligent for the Defendants to operate the vessel on August 16 and 17, 2016, knowing of that the M/V Caribbean Fantasy was unseaworthy as a result of its defective engines, defective emergency tenders, defective emergency equipment, deficient emergency procedures and deficient training of its crew in emergency and evacuation procedures. Because of that, Defendants are liable to plaintiffs for all of their damages.

## V. DAMAGES

113.    As a result of the defendants' negligent acts and/or omissions, and the M/V Caribbean Fantasy's unseaworthiness, plaintiffs suffered the damages outlined below:

**a.    Adriana Donaldson**

114.    Plaintiff Adriana Donaldson suffered physical and psychological injuries as a result

of the events of August 17, 2016, averred herein, such as:

    a.    smoke inhalation;

    b.    trauma throughout her body, but particularly to her right leg, knee and right arm and elbow;

    c.    mental anguish as a result of the trauma suffered throughout her body; and

    d.    psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

115.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Donaldson suffered mental anguish and pain in excess of the sum of $1,000,000.00.

116.    In addition to the foregoing, Ms. Donaldson has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**b.    Mariano de Léon Ortega**

117.    Plaintiff Mariano de León Ortega suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

    a.    smoke inhalation;

    b.    trauma throughout his body, but particularly to his abdomen, back and neck;

    c.    mental anguish as a result of the trauma suffered throughout his body; and

    d.    psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

118.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. De León Ortega suffered mental anguish and pain in excess of the sum of $1,000,000.00.

119.    In addition to the foregoing, Mr. De León Ortega has suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), a claim that includes those owned goods by him, as well as by his son Hiram de León Lorenzo and his daughter Benazir de León Lorenzo, which had a replacement value in excess of $21,000.00, a sum that includes the amount of $20,000.00 that he had been carrying in his carry-on bag to buy a vehicle in Puerto Rico; and medical expenses in excess of $1,000.00.

c.    **Ana María Lucía Lorenzo**

120.    Plaintiff Ana María Lucía Lorenzo suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.    smoke inhalation;

b.    trauma throughout her body, but particularly to her abdomen, neck and back;

c.    mental anguish as a result of the trauma suffered throughout her body; and

d.    psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

121.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Lucía Lorenzo suffered mental anguish and pain in excess of the sum of $1,000,000.00.

122.    In addition to the foregoing, Ms. Lucía Lorenzo has suffered property damages due

22

to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged retrieved and carry-on luggage which she was not allowed to retrieve and was lost), a claim that includes those owned goods by her, as well as her son Hiram de León Lorenzo and her daughter Benazir de León Lorenzo, which had a replacement value in excess of $1,000.00. and medical expenses in excess of $1,000.00.

**d.     Minors Hiram de León Lorenzo, Benazir de León Lorenzo**

123.   As parents with patria potestas and custody over minor plainitffs Hiram and Benazir, plaintiffs Mariano de Léon Ortega and Ana María Lucía Lorenzo claim the following damages:

124.   Minor plaintiff Hiram de León Lorenzo suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.     smoke inhalation;

b.     trauma throughout his body, but particularly to his abdomen, neck and back;

c.     mental anguish as a result of the trauma suffered throughout his body; and

d.     psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

125.   Minor plaintiff Benazir de León Lorenzo suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.     smoke inhalation;

b.     trauma throughout his body, but particularly to her abdomen, neck and back;

c.     mental anguish as a result of the trauma suffered throughout her body; and

d.     psychological injuries for which she is currently suffering symptoms akin to those

suffered by patients with PTSD.

**e.     Ana Laura Bacilio**

126.    Plaintiff Ana Laura Bacilio suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout her body, but particularly to her back and neck;

c.      mental anguish as a result of the trauma suffered throughout her body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

127.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Bacilio Lorenzo suffered mental anguish and pain in excess of the sum of $1,000,000.00.

128.    In addition to the foregoing, Ms. Bacilio  has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**f.     Yunior Alberto Mauricio**

129.    Plaintiff Yunior Alberto Mauricio suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

130.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. De León Ortega suffered mental anguish and pain in excess of the sum of $1,000,000.00.

131.    In addition to the foregoing, Mr. Mauricio suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), a claim that includes those owned goods by him, as well as by his son, minor plaintiff Ismael Esteban Mauricio, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**g.    Raquel Amarilis Trinidad**

132.    Plaintiff Raquel Amarilis Trinidad suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout her body, but particularly to her arms, shoulders, neck and back;

c.      mental anguish as a result of the trauma suffered throughout her body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

133.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Raquel Amarilis Trinidad suffered mental anguish and pain in excess of the sum of $1,000,000.00.

25

134.    In addition to the foregoing, Ms. Amarilis Trinidad has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and retrieved d and carry-on luggage which she was not allowed to retrieve and was lost), a claim that includes those owned goods by her, as well as her son, minor plaintiff Ismael Esteban Mauricio, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**h.      Ismael Esteban Mauricio**

135.    As parents with patria potestas and custody over minor plaintiff Ismael Esteban Mauricio, plaintiffs Yunior Alberto Mauricio and Raquel Amarilis Trinidad claim the following damages:

136.    Minor plaintiff Ismael Esteban Mauricio suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his abdomen, neck and back;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

**i.      Yuamary Esmeralda Mauricio**

137.    Plaintiff Yuamary Esmeralda Mauricio suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout her body, but particularly to her arms, shoulders, neck and back;

26

c.      mental anguish as a result of the trauma suffered throughout her body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

138.   In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Yuamary Esmeralda Mauricio suffered mental anguish and pain in excess of the sum of $1,000,000.00.

139.   In addition to the foregoing, Ms. Mauricio has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged retrieved and carry-on luggage which she was not allowed to retrieve and was lost), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**j.      Josafat Alberto Mauricio**

140.   Plaintiff Josafat Alberto Mauricio suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

141.   In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. Josafat Alberto Mauricio suffered mental anguish and pain in excess of the sum of $1,000,000.00.

142.    In addition to the foregoing, Mr. Mauricio has suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**l.    Hither Amauris Trinidad.**

143.    Plaintiff Amauris Trinidad suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.    smoke inhalation;

b.    trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.    mental anguish as a result of the trauma suffered throughout his body; and

d.    psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

144.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. Hither Amauris Trinidad suffered mental anguish and pain in excess of the sum of $1,000,000.00.

145.    In addition to the foregoing, Mr. Amauris Trinidad has suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**m.    Mercedes Abreu Reyes**

146.     Plaintiff Mercedes Abreu Reyes suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.     smoke inhalation;

b.     trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.     mental anguish as a result of the trauma suffered throughout his body; and

d.     psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

147.     In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Mercedes Abreu Reyes suffered mental anguish and pain in excess of the sum of $1,000,000.00.

148.     In addition to the foregoing, Mr. Abreu Reyes has suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**n.     Orlenda Altagracia de Jesús**

149.     Plaintiff Orlenda Altagracia de Jesús suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.     smoke inhalation;

b.     trauma throughout her body, but particularly to her arms, shoulders, neck and back;

c.     mental anguish as a result of the trauma suffered throughout her body; and

d.     psychological injuries for which she is currently suffering symptoms akin to those

suffered by patients with PTSD.

150.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Altagracia de Jesús suffered mental anguish and pain in excess of the sum of $1,000,000.00.

151.    In addition to the foregoing, Ms. Altagracia de Jesús has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and retrieved d and carry-on luggage which she was not allowed to retrieve and was lost), including property of her minor daughters, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

o.    **Alejandro José Taveras Reyes**

152.    Plaintiff Alejandro Taveras Reyes suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

153.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. Taveras Reyes suffered mental anguish and pain in excess of the sum of $1,000,000.00.

154.    In addition to the foregoing, Mr. Taveras Reyes suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage

which has been damaged and carry-on luggage which he was not allowed to retrieve and has been

lost), a claim that includes those owned goods by him, including property of her minor daughters,

which had a replacement value in excess of $1,000.00; and medical expenses in excess of

$1,000.00.

**p.** **Mariana Alejandra Taveras de Jesús and Maria Alejandra Taveras de Jesús**

155.    As parents with patria potestas and custody over minor plaintiffs Mariana Alejandra

Taveras de Jesús and Maria Alejandra Taveras de Jesús, plaintiffs Orlenda Altagracia de Jesús and

Alejandro Taveras Reyes claim the following damages:

156.    Minor plaintiff Maríana Alejandra Taveras de Jesús suffered physical and

psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his abdomen, neck and back;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those

suffered by patients with PTSD.

157.    Minor plaintiff Maria Alejandra Taveras de Jesús suffered physical and

psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to her abdomen, neck and back;

c.      mental anguish as a result of the trauma suffered throughout her body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those

suffered by patients with PTSD.

31

**q.     Juan Carlos Ureña**

158.    Plaintiff Juan Carlos Ureña suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

159.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ureña suffered mental anguish and pain in excess of the sum of $1,000,000.00.

160.    In addition to the foregoing, Mr. Ureña suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), a claim that includes those owned goods by him, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**r.     Francis Raquel Ramírez Balbuena**

161.    Plaintiff Francis Raquel Ramírez Balbuena suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to her arms, left leg and knee, shoulders, back and neck;

c.      mental anguish as a result of the trauma suffered throughout her body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

162.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ureña suffered mental anguish and pain in excess of the sum of $1,000,000.00.

163.    In addition to the foregoing, Ms. Ramírez Balbuena suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve and has been lost), a claim that includes those owned goods by her, as well as by his son, minor plaintiff Ismael Esteban Mauricio, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

## VI. OBSTINACY

164.    Defendants have acted with obstinacy and, as such, they are liable not only for the payment of the principal of the sums demanded herein, but also for the payment of pre-judgment interest and attorney's fees.

## VII. JURY DEMAND

165.    Plaintiffs demand trial by jury on all issued so triable.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the instant complaint and awards the following relief:

a.      Determine that Plaintiffs have suffered damages and that defendants are liable;

b.      Determine the fair amount of damages suffered by plaintiffs;

c.      Enter a judgment in favor of Plaintiffs and against Defendants in the amount

of the damages suffered by them;

d.      Award Plaintiffs the costs and expenses of this action, including reasonable

attorney's fees and

e.      Grant such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th day of November, 2016.

**I HEREBY CERTIFY** that on November 12, 2016, we presented the foregoing to the

Clerk of the Court for filing and uploading to the CM/ECF system.

<u>**s/Richard Schell-Asad**</u>
Richard Schell-Asad - USDC-PR No. 203207
Attorney for Plaintiffs
**Troncoso & Schell**
254 San José St.
El Mundo Bldg., Third Floor
San Juan, PR 00901
Tel: (787) 722-0741
Fax: (787) 724-2563
E mail: rschellasad@aol.com