IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HECTOR LUIS O'FARRIL LAMB**<br><br>Plaintiff<br><br>vs.<br><br>**AMERICA CRUISE FERRIES, INC., et als.**<br><br>Defendants | CIVIL NO.  16-2741<br><br><br>Personal injury |

ANSWER TO COMPLAINT

**TO THE HONORABLE COURT:**

  **NOW COMES** Co-defendant, America Cruise Ferries, Inc., through the undersigned attorneys and very respectfully states, alleges and prays as follows:

  1. As to paragraph 1, it is admitted that the case is a federal question.  The rest of the averments are denied.

  2. The allegations contained in paragraph 2 of the Complaint are admitted.

  3.  The allegations contained in paragraph 3 of the Complaint are admitted.

  4.  The allegations contained in paragraph 4 are averments of law which do not require a responsive pleading.

  5.  The allegations contained in paragraph 5 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

  6.  The allegations contained in paragraph 6 of the Complaint are admitted.

  7.  The allegations contained in paragraph 7 of the Complaint are not directed to the appearing party and thus do not require a responsive pleading from our part.

  8.  The allegations contained in paragraph 8 of the Complaint are not directed to the appearing party and thus do not require a responsive pleading from our part.

9.  The allegations contained in paragraph 9 are not directed to the appearing party and thus do not require a responsive pleading from our part.

10.  The allegations contained in paragraph 10 are not directed to the appearing party and thus do not require a responsive pleading from our part.

11.  The allegations contained in paragraph 11 are not directed to the appearing party and thus do not require a responsive pleading from our part.

12.  The allegations contained in paragraph 12 against America Cruise Ferries are denied.

13.  The allegations contained in paragraph 13 against America Cruise Ferries are denied.

14.  The allegations contained in paragraph 14 against America Cruise Ferries are admitted.

15.  The allegations contained in paragraph 15 are not directed to the appearing party and thus do not require a responsive pleading from our part.  In the alternative, it is admitted.

16.  The allegations contained in paragraph 16 are not directed to the appearing party and thus do not require a responsive pleading from our part.  In the alternative, it is admitted.

17.  The allegations contained in paragraph 17 are admitted in part and denied in part.  It is denied that plaintiff traveled to Santo Domingo, Dominican Republic on July 19, 2016 for lack of sufficient knowledge or information to form a belief as to their truthfulness.  It is admitted that plaintiff traveled to Puerto Rico in August 16, 2016, on board the Ferry.

18.  The allegations contained in paragraph 18 are admitted upon information and belief.

19. The allegations contained in paragraph 19 are admitted upon information and belief, with the clarification that the exact times may have been different.

20. As to paragraph 20, it is admitted that the ferry carried more than 512 people between passengers and crew, with the clarification that the exact number may have been different.

21. The allegations contained in paragraph 21 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

22. The allegations contained in paragraph 22 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

23. The allegations contained in paragraph 23 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

24. The allegations contained in paragraph 24 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

25. The allegations contained in paragraph 25 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

26. The allegations contained in paragraph 26 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

27. As to paragraph 27, it is admitted that a fire started on board the ferry at approximately 7:00 a.m.  The rest of the allegations are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

28. The allegations contained in paragraph 28 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

29. The allegations contained in paragraph 29 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

30. As to paragraph 30, it is admitted that crewmembers informed passengers that the vessel was going to be evacuated. However, the exact words and/or instructions are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

31. As to paragraph 31, it is admitted that crewmembers gave instructions to passengers as to how the evacuation was going to be conducted. However, the exact words and/or instructions are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

32. The allegations contained in paragraph 32 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

33. The allegations contained in paragraph 33 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

34. As to paragraph 34, it is admitted that some passengers were instructed to evacuate the vessel using the slide. It is denied that plaintiff was instructed to do so for lack of sufficient knowledge or information to form a belief as to their truthfulness.

35. As to paragraph 35, it is admitted that passengers were provided with life vests for their security. The rest of the averments are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

36. The allegations contained in paragraph 36 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

37. The allegations contained in paragraph 37 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

38. As to paragraph 38, it is admitted that some passengers were evacuated through a USCG's helicopter. The rest of the averments are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

39. The allegations contained in paragraph 39 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

40. The allegations contained in paragraph 40 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

41. The allegations contained in paragraph 41 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

42. The allegations contained in paragraph 42 are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

43. The allegations contained in paragraph 43 are denied. America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.

44. The averments contained in paragraph 44 are not factual allegations and thus do not require a responsive pleading.

45. The allegations contained in paragraph 45 of the Complaint are admitted.

46. The allegations contained in paragraph 46 of the Complaint are admitted.

47. The allegations contained in paragraph 47 of the Complaint are admitted.

48. The allegations contained in paragraph 48 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

49. The allegations contained in paragraph 49 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

50. The allegations contained in paragraph 50 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

51. The allegations contained in paragraph 51 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

52. The allegations contained in paragraph 52 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

53. The allegations contained in paragraph 53 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

54. The allegations contained in paragraph 54 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

55. The allegations contained in paragraph 55 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

56. The allegations contained in paragraph 56 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

57. As to paragraph 57, it is admitted that the ferry underwent maintenance work during that time.  It is denied that maintenance work was in Europe.

58. The allegations of paragraph 58 are admitted in part and denied in part.  It is admitted that plaintiff informed the public that the ferry would start operating on July 1, 2016 relying in the information given by the owner.  It is also admitted that the reason for the delay given by the owner was that the ferry was still receiving maintenance.  It is denied that maintenance work was in Europe.

59. The allegations contained in paragraph 59 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

60. The allegations contained in paragraph 60 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

61. The allegations contained in paragraph 61 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

62. The allegations contained in paragraph 62 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

63. The allegations contained in paragraph 63 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

64. The allegations contained in paragraph 64 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

65. The allegations contained in paragraph 65 of the Complaint are admitted.

66. The allegations contained in paragraph 66 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

67. The allegations contained in paragraph 67 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

68. The allegations contained in paragraph 68 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

69. As to paragraph 69, it is admitted that one of the life boats and both slides suffered mechanical problems. The allegations regarding the improper installment are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness. It is also denied that such failure was caused by the negligent acts of America Cruise Ferries.

70. As to paragraph 70, it is admitted that one life boat suffered mechanical problems. The allegations regarding the second life boat are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

71. As to paragraph 71, it is admitted that one of the life boats suffered mechanical problems with the pulley system while descending to the ocean.

72. The allegations regarding the second life boat are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

73. The allegations regarding the second life boat are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

74. The allegations contained in paragraph 74 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

75. The allegations contained in paragraph 75 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

76. As to paragraph 76, it is admitted, upon information and belief, that the fire started between 7:00 to 7:15 a.m. at the engine room.

77. The allegations contained in paragraph 77 of the Complaint are admitted.

78. The allegations contained in paragraph 78 of the Complaint are denied. America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts.   America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.

79. The allegations contained in paragraph 79 of the Complaint are denied. America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.

80. The allegations contained in paragraph 80 of the Complaint are denied. America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.  It is also denied that articles 1802 and 1803 of Puerto Rico's Civil Code are applicable to the alleged facts.  Plaintiffs were passengers of the M/V Caribbean Fantasy pursuant to the terms and conditions of a Passage Contract for transportation by sea and his cause of action is regulated by U.S. Maritime Law.

81. The allegations contained in paragraph 81 of the Complaint are denied. America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean

Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.   It is also denied that articles 1802 and 1803 of Puerto Rico's Civil Code are applicable to the alleged facts.  Plaintiffs were passengers of the M/V Caribbean Fantasy pursuant to the terms and conditions of a Passage Contract for transportation by sea and his cause of action is regulated by U.S. Maritime Law.

      82. The allegations contained in paragraph 82 of the Complaint are denied. America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.

      83. The allegations contained in paragraph 83 of the Complaint are denied. America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.

      84.   The averments contained in paragraph 84 are not factual allegations and thus do not require a responsive pleading.

      85.  The allegations contained in paragraph 85 of the Complaint are denied. America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.

      86.  The allegations contained in paragraph 86 of the Complaint are denied. America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.

87. The allegations contained in paragraph 87 of the Complaint are denied. America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.

88. The averments contained in paragraph 88 are not factual allegations and thus do not require a responsive pleading.

89. The allegations contained in paragraph 89 of the Complaint are not directed to America Cruise Ferries, Inc. and thus do not require a responsive pleading.

90. The damages alleged in paragraph 90 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness. Negligence is expressly denied since America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.

91. The damages alleged in paragraph 91 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness. Negligence is expressly denied since America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.

92. The damages alleged in paragraph 92 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness. Negligence is expressly denied since America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise

Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.

93. The damages alleged in paragraph 93 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness. Negligence is expressly denied since America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. was not negligent and fully complied with its duty to exercise reasonable care under the circumstances.

94. The allegations in paragraph 94 are denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any. America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.

## AFFIRMATIVE DEFENSES

1. The Complaint is regulated by U.S. Admiralty Law. Puerto Rico's substantive torts law is not applicable in the facts and causes of action set forth in the Complaint.

2. America Cruise Ferries, Inc. expressly invokes all rights, defenses, immunities, exemptions and limitations from liability arising from the applicable Ticket Contract and U.S. Maritime Law.

3. America Cruise Ferries, Inc. is entitled to protection under the Limitation of Ship's Owners Liability Act. 46 U.S.C. § 30501 et. seq.

4. America Cruise Ferries, Inc. was not the owner of the vessel Caribbean Fantasy at the time of the alleged facts.

5. America Cruise Ferries, Inc. was not the employer of the Master and technical crew in charge of the M/V Caribbean Fantasy at the time of the alleged facts.

6. America Cruise Ferries, Inc. was not involved in the technical operation, maintenance or repair of the M/V Caribbean Fantasy at the time of the alleged facts.

7. The vessel was properly manned, equipped, fit, staunch and seaworthy at all material times.

8. The Master and crew of the vessel were properly trained in all aspects of their employment at all material times.

9. America Cruise Ferries, Inc., fully complied with its legal duty to exercise reasonable care at all times relevant to the Complaint.

10. The injuries suffered by plaintiff, if any, were caused by an act of God or peril of the sea for which America Cruise Ferries, Inc. is not liable under the applicable law.

11. The compensations claimed are exaggerated and not proportional to the injuries sustained by plaintiff.

12. Any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

13. Defendant specifically reserves the right to amend this Answer to Complaint, and invoke additional affirmative defenses as a result of discovery proceedings.

**WHEREFORE**, it is respectfully requested from this Honorable Court that the Complaint be dismissed with costs and attorney's fees assessed against plaintiffs.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same day, I electronically filed the foregoing motion with the Clerk of the Courts using the CM/ECF system which will send notification of such filing to all parties.

In Mayaguez, Puerto Rico on this 9th day of December, 2016.

**/s/CARLOS E. BAYRON**
**U.S. Dist. Ct. #206206**
**BAYRON LAW OFFICES, P.S.C.**
**P.O. Box 6461**
**Mayagüez, Puerto Rico 00681**
**Tels. 831-8188, 265-4545/ Fax. 832-1022**