**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ADRIANA DONALDSON, et als.** | **CIVIL NO.  16-2529** |
| **Plaintiff** | |
| **vs.** | **ACTION FOR DAMAGES AND IN TORT** |
| **AMERICA CRUISE FERRIES, INC., et als.** | |
| **Defendants** | |

**ANSWER TO AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COMES** Co-defendant, America Cruise Ferries, Inc., through the undersigned attorneys and very respectfully states, alleges and prays as follows:

1. The allegations contained in paragraph 1 of the Complaint are not directed to the appearing party and thus do not require a responsive pleading from our part.  In the alternative, paragraph 1 is denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

2.  The allegations contained in paragraph 2 of the Complaint are not directed to the appearing party and thus do not require a responsive pleading from our part.  In the alternative, paragraph 2 is denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

3.  The allegations contained in paragraph 3 of the Complaint are not directed to the appearing party and thus do not require a responsive pleading from our part.  In the alternative, paragraph 3 is denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

4.  The allegations contained in paragraph 4 of the Complaint are not directed to the appearing party and thus do not require a responsive pleading from our part.  In the alternative, paragraph 4 is denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

5.  The allegations contained in paragraph 5 of the Complaint are not directed to the appearing party and thus do not require a responsive pleading from our part.  In the alternative, paragraph 5 is denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

6.  The allegations contained in paragraph 6 of the Complaint are not directed to the appearing party and thus do not require a responsive pleading from our part.  In the alternative, paragraph 6 is denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

7.  The allegations contained in paragraph 7 of the Complaint are not directed to the appearing party and thus do not require a responsive pleading from our part.  In the alternative, paragraph 7 is denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

8.  N/A

9.   The allegations contained in paragraph 9 of the Complaint are admitted upon information and belief.

10.  The allegations contained in paragraph 10 are admitted.

11.  As to paragraph 11, it is only admitted that the vessel Caribbean Fantasy made regular voyages between ports in Dominican Republic and Puerto Rico.  It is denied that America Cruise Ferries, Inc. was the technical operator of the vessel.

12.   The allegations contained in paragraph 12 are not directed to the appearing party and thus do not require a responsive pleading from our part.

13.   The allegations contained in paragraph 13 are not directed to the appearing party and thus do not require a responsive pleading from our part.  In the alternative, it is admitted.

14.   The allegations contained in paragraph 14 are not directed to the appearing party and thus do not require a responsive pleading from our part.

15.   The allegations contained in paragraph 15 are not directed to the appearing party and thus do not require a responsive pleading from our part.

16.   The allegations contained in paragraph 16 of Part II of the Complaint (regarding jurisdiction) are admitted.

17.   The allegations contained in paragraph 17 of Part II of the Complaint (regarding proper venue) are admitted.

18.   The allegations contained in paragraph a(16) of Part III of the Complaint (regarding co-plaintiff Adriana Donaldson) are not directed to the appearing party and thus do not require a responsive pleading from our part.  In the alternative, paragraph a(16) is denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

19. The allegations contained in paragraph a(17) of Part III of the Complaint are admitted, with the exception that the vessel was within a mile of the Bay of San Juan.  Said statement is denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

20.   The allegations contained in paragraph a(18) of Part III of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness. It is denied, for being false, that some passengers jumped overboard to the open sea.

21.   As to paragraph a(19) of Part III of the Complaint, it is admitted that some passengers were evacuated through a slide. It is denied that Ms. Donaldson was one of them for lack of sufficient knowledge or information to form a belief as to their truthfulness.

The rest of the averments are also denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

22.   The allegations contained in paragraph a(20) of Part III of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

23.   The allegations contained in paragraph a(21) of Part III of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

24.   The allegations contained in paragraph a(22) of Part III of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

25.   The allegations contained in paragraph a(23) of Part III of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

26.   The allegations contained in paragraph a(24) of Part III of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

27.   The allegations contained in paragraph a(25) of Part III of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

28.   The allegations contained in paragraph b(26) of Part III the Complaint (regarding co-plaintiffs Mariano de León Ortega, Ana María Lucía Lorenzo, Ben Hiram de León Lorenzo and Benazir de León Lorenzo) are not directed to the appearing party and thus do not require a responsive pleading from our part.   In the alternative, paragraph b(26) of Part III of the Complaint is denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

29.   As to paragraph b(27) of the Complaint, it is admitted that co-plaintiffs boarded the vessel on August 16, 2016. It is denied, for being false, that the air conditioning system on board was not working.   The rest of the averments are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

30.   As to paragraph b(28) of the Complaint, it is admitted that, around 7:00 a.m. of August 17, 2016, passengers were instructed to proceed to the upper deck where they received the order to abandon ship due to a fire on board.  The rest of the averments are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

31.   Paragraph b(29) of the Complaint is denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

32.   As to paragraph b(30) of the Complaint, it is admitted that one of the vessel's tenders stopped while being lowered to the ocean and hit the hull as a result of the waves. It is denied that co-plaintiffs were inside said tender for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The rest of the averments are also denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

33.   Paragraph b(31) of the Complaint is denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

34.   As to paragraph b(32) of the Complaint, it is admitted that the tender was completely lowered to the water.  The rest of the averments are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

35.   As to paragraph b(33) of the Complaint, it is admitted that the engine of one tender did not work.  It is denied, for lack of sufficient knowledge or information to form a belief as to their truthfulness, that co-plaintiffs were onboard said tender.  It is denied, for being false, that said tender was adrift for various hours in the open Atlantic Ocean.  The rest of the averments are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

36.   As to paragraph b(34), it is admitted that emergency responders arrived and some passengers were transferred from the tender to a boat from the Coast Guard.  It is

also admitted that the tender was towed to shore.  It is denied that plaintiffs were inside said tender for lack of sufficient knowledge or information to form a belief as to their truthfulness.

37.  The allegations contained in paragraphs c(35) and c(36) of Part III of the Complaint (regarding co-plaintiff Ana Laura Bacilio) are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

38.  As to paragraph c(37) of the Complaint, it is admitted that around 7:15 a.m. an announcement of fire onboard was made and passengers were instructed to proceed to the upper deck.  It is denied, for being false, that an order to evacuate the vessel was made in said announcement.  The order to evacuate the vessel was given in a second announcement.

39.  As to paragraph c(38) of the Complaint, it is admitted that passengers were provided with life vests. The rest of the averments are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

40.  As to paragraph c(39) of Part III of the Complaint, it is admitted that some passengers were evacuated through a slide. It is denied that co-plaintiff was among these passengers for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The rest of the averments are also denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

41.  The allegations contained in paragraphs c(40) and c(41) of Part III of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

42.  The allegations contained in paragraph c(42) of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  It is affirmatively alleged that any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

43.   The allegations contained in paragraph d(43) of Part III of the Complaint (regarding co-plaintiffs Yunior Alberto Mauricio, Raquel Amarilis Trinidad, Ismael Esteban Mauricio, Yuamary Esmeralda Mauricio, Josafat Alberto Mauricio and Hither Amauris Trinidad) are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

44.   The allegations contained in paragraph c(44) of the Complaint are denied, for being false, since the fire started between 7:00 a.m. to 7:15 a.m.

45.   As to paragraph c(45), it is admitted that an order to go the upper deck was given between 7:00 a.m. to 7:15 a.m.  It is denied, for being false, that the order to abandon ship was given simultaneously.

46.   Paragraph c(46) is denied for being false.  All three emergency tenders were lowered by the crew.  The malfunction occurred during and/or after lowering.

47.   The allegations contained in paragraph c(47) of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

48.   The allegations contained in paragraph c(48) of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  However, it is admitted that the tenders have a capacity to hold more than 100 passengers.

49.   As to paragraph c(49), it is admitted that one of the tenders stopped and got stuck on the way down.  It is also admitted that the tender began to hit the hull of the ferry due to the wind and waves.  It is denied, for being false, that one the cables holding the tender broke.  It is also denied for lack of sufficient knowledge or information to form a belief as to their truthfulness that co-plaintiffs were inside said tender.

50.   As to paragraph c(50), it is denied, for being false, that the rescue efforts failed and that the passengers had to spent various hours inside the tender. It is admitted that the

tender hit the hull of the ferry due to the wave action.  The rest of the averments are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

51.  N/A

52.   As to paragraph c(52), it is denied, for being false, that a tugboat attempted to retrieve the occupants of the tender and that rescue efforts had to be abandoned  It is affirmatively alleged that a boat from the Coast Guard approached the tender and all passengers were transferred from the tender to the boat.  The rest of the averments are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.

53.     The allegations contained in paragraph c(53) are denied for being false.

54.  The allegations contained in paragraph c(54) are denied for being false.

55.  The allegations contained in paragraph 55 of the Complaint are denied for being false. It is affirmatively alleged that America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts.

56.  The allegations contained in paragraph 56 of the Complaint are denied for being false.  The U.S. Coast Guard inspected the vessel and gave the owners the permit to operate the vessel.

57.  The allegations contained in paragraph 57 are denied, for being false, since in October 2016 the vessel was out of service.

58.  As to paragraph 58, it is admitted that the vessel received maintenance work in the Port of Tunis, Tunisia.  It is denied, for lack of sufficient knowledge or information to form a belief as to their truthfulness, that the vessel underwent extensive repair work in her engines and other appurtenances. It is affirmatively alleged that America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts.

59.   As to paragraph 59, it is admitted that the vessel continued from the Port of Tunis to the Port of Gibraltar for refueling.  The rest of the averments are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  It is affirmatively alleged that America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts.

60.   The allegations contained in paragraph 60 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.   It is affirmatively alleged that America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts.

61.   The allegations contained in paragraph 61 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.   It is affirmatively alleged that America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts.

62.   The allegations contained in paragraph 62 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.   It is affirmatively alleged that America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts.

63.   As to paragraph 63, it is admitted that in the Port of San Juan the M/V Caribbean Fantasy underwent the necessary trials and inspections in order to renew its Coast Guard license. It is affirmatively alleged that, after such trials and inspections, the U.S. Coast Guard gave the license to operate to the vessel's owner.  It is denied, for lack of sufficient knowledge or information to form a belief as to their truthfulness, that only one of the three emergency tenders was tested.

64.   As to paragraph 64, it is admitted that, during the emergency of August 17, 2016, only one of the three tenders worked properly.  It is admitted that, while being

lowered, one of the tenders suffered a malfunction and stopped a few meters above the water. It is also admitted that the passengers inside said tender were transferred to other vessels for transport to shore.  It is denied that the tender was full with 100 passengers and that they have to wait hours to be rescued.  As to the second tender, it is denied, for being false, that it got stuck in the ropes while being lowered. It is admitted that the engine of the second tender failed to start.  It is denied, for being false, that the second tender was adrift in the ocean for hours.  It is admitted that the tender was rescued by other vessels and towed to shore.

65.  As to paragraph 65, it is denied, for being false, that the air conditioning inside the cabins, TV monitors and electrical outlets were not working.  It is only admitted that some passengers complained that the air conditioning were not cool enough in some areas. The rest of the averments are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  It is affirmatively alleged that America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts.

66.  The allegations contained in paragraph 66 of the Complaint are denied for being false.  The crewmembers received constant training in emergency and evacuation procedures, evidenced by the fact that all passengers were successfully evacuated and sent to shore with no serious injuries.  It is affirmatively alleged that America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts.

67.  The allegations contained in paragraph 67 of the Complaint are denied for being false.  America Cruise Ferries, Inc. had no previous notice of any defect in the engines.  In addition, the crewmembers received constant training in emergency and evacuation procedures, evidenced by the fact that all passengers were successfully evacuated and

sent to shore with no serious injuries. It is affirmatively alleged that America Cruise Ferries, Inc. was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts.

68.   The allegations contained in paragraph 68 of the Complaint are denied for being false.  America Cruise Ferries, Inc. had no previous notice of any defect in the engines.  In addition, the company was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts and for this reason was not responsible to provide maintenance to the vessel.

69.   The allegations contained in paragraph 69 of the Complaint are denied for being false.  America Cruise Ferries, Inc. had no previous notice of any defect that makes the vessel unseaworthy.  In addition, the company was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts and for this reason was not responsible to provide maintenance to the vessel.

70. The damages alleged in paragraph 70 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.

71. The damages alleged in paragraph 71 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is also denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the

M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.

72.  The allegations contained in paragraph 72 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness. It is affirmatively alleged that any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

73.  The damages alleged in paragraph 73 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.

74.  The damages alleged in paragraph 74 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.

75.  The allegations contained in paragraph 75 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness. It is affirmatively alleged that any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

76.  The damages alleged in paragraph 76 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is also denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.

77.  The damages alleged in paragraph 77 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.

78.  The allegations contained in paragraph 78 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness. It is affirmatively alleged that any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

79.  The damages alleged in paragraph 79 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.

80.  The damages alleged in paragraph 80 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.

81.  The damages alleged in paragraph 81 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.

82.  The damages alleged in paragraph 82 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.

83.  The damages alleged in paragraph 83 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of

negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.

84.  The allegations contained in paragraph 84 of the Complaint are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness. It is affirmatively alleged that any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

85.  The damages alleged in paragraph "f.  Yunior Alberto Mauricio" are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.  It is affirmatively alleged that any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

86. The damages alleged in paragraph "g. Raquel Amarilis Trinidad" are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.  It is affirmatively alleged that any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

87.  The damages alleged in paragraph "h.  Ismael Esteban Mauricio" are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.  It is affirmatively alleged that any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

88.  The damages alleged in paragraph "i.  Yuamary Esmeralda Mauricio" are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness. The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.  It is affirmatively alleged that any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

89. The damages alleged in paragraph "j.  Josafat Alberto Mauricio" are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.  It is affirmatively alleged that any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

90.  The damages alleged in paragraph "k.  Hither Amauris Trinidad" are denied for lack of sufficient knowledge or information to form a belief as to their truthfulness.  The amount of compensation is denied for being exaggerated and not proportional to the real damages suffered by plaintiffs, if any.  America Cruise Ferries, Inc. expressly denies all imputations of negligence since it was neither the owner nor the technical operator of the M/V Caribbean Fantasy at the time of the alleged facts. America Cruise Ferries, Inc. fully complied with its duty to exercise reasonable care under the circumstances.  It is affirmatively alleged that any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

91.  The allegations contained in Part VI of the Complaint demanding jury trial are not factual allegations and thus do not require a responsive pleading from our part.

## AFFIRMATIVE DEFENSES

1.  The Complaint is regulated by U.S. Admiralty Law.  Puerto Rico's substantive torts law is not applicable in the facts and causes of action set forth in the Complaint.

2. America Cruise Ferries, Inc. expressly invokes all rights, defenses, immunities, exemptions and limitations from liability arising from the applicable Ticket Contract and U.S. Maritime Law.

3.  America Cruise Ferries, Inc. is entitled to protection under the Limitation of Ship's Owners Liability Act. 46 U.S.C. § 30501 et. seq.

4.  America Cruise Ferries, Inc. was not the owner of the vessel Caribbean Fantasy at the time of the alleged facts.

5.  America Cruise Ferries, Inc. was not the employer of the Master and technical crew in charge of the M/V Caribbean Fantasy at the time of the alleged facts.

6.  America Cruise Ferries, Inc. was not involved in the technical operation, maintenance or repair of the M/V Caribbean Fantasy at the time of the alleged facts.

7.  The vessel was properly manned, equipped, fit, staunch and seaworthy at all material times.

8. The Master and crew of the vessel were properly trained in all aspects of their employment at all material times.

9. America Cruise Ferries, Inc. fully complied with its legal duty to exercise reasonable care at all times relevant to the Complaint.

10.  The injuries suffered by plaintiff, if any, were caused by an act of God or peril of the sea for which America Cruise Ferries, Inc. is not liable under the applicable law.

11. The compensations claimed are exaggerated and not proportional to the injuries sustained by plaintiff.

12.  Any claim for property loss or damage is limited to the values established in the applicable Ticket Contract.

13.  Any compensation for damages and/or property loss is the sole responsibility and obligation of co-defendant Baja Ferries as the owner of the vessel.

14.  Defendant specifically reserves the right to amend this Answer to Complaint, and invoke additional affirmative defenses as a result of discovery proceedings.

**WHEREFORE**, it is respectfully requested from this Honorable Court that the Complaint be dismissed with costs and attorney's fees assessed against plaintiffs.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same day, I electronically filed the foregoing motion with the Clerk of the Courts using the CM/ECF system which will send notification of such filing to all parties.

In Mayaguez, Puerto Rico on this 12th day of January, 2017.

**/s/CARLOS E. BAYRON**
**U.S. Dist. Ct. #206206**
**BAYRON LAW OFFICES, P.S.C.**
**P.O. Box 6461**
**Mayagüez, Puerto Rico 00681**
**Tels. 831-8188, 265-4545/ Fax. 832-1022**