**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| ADRIANA DONALDSON; MARIANO DE | * | |
| LEÓN and ANA LUCÍA LORENZO, on their | * | |
| own stead and as parents with patria potestas | * | |
| and custody over minor plaintiffs BEN HIRAM | * | |
| DE LEÓN LORENZO and  BENAZIR DE | * | CIVIL NO.  16-2529(DRD) |
| LEÓN LORENZO; ANA LAURA BACILIO; | * | |
| YUNIOR ALBERTO MAURICIO and | * | |
| RAQUEL AMARILIS TRINIDAD, on their | * | |
| stead and as parents with patria potestas and | * | |
| custody over minor plaintiff ISMAEL | * | |
| ESTEBAN MAURICIO; YUAMARY | * | ACTION FOR DAMAGES AND IN TORT |
| ESMERALDA MAURICIO; JOSAFAT | * | |
| ALBERTO MAURICIO; HITHER AMAURIS | * | |
| TRINIDAD; MERCEDES ABREU REYES; | * | |
| ORLENDA ALTAGRACIA DE JESÚS and | * | |
| ALEJANDRO JOSÉ TAVERAS REYES, | * | PLAINTIFFS DEMAND TRIAL BY JURY |
| on their own stead and as parents with patria | * | |
| potestas and custody over minor plaintiffs | * | |
| MARIANA ALEJANDRA TAVERAS DE | * | |
| JESÚS and MARÍA ALEJANDRA | * | |
| TAVERAS DE JESÚS; FRANCIS | * | |
| RAQUEL RAMÍREZ BALBUENA; | * | |
| JUAN CARLOS UREÑA; CATALINA | * | |
| REISER VÁZQUEZ; JOHN CARDEC | * | |
| PAGÁN; IVELISE MEDINA | * | |
| CARRASQUILLO; SINFOROSO DEL | * | |
| VALLE VARGAS and KUISAIRY AQUINO | * | |
| UBRIL, on their own stead and as parents with | * | |
| patria potestas and custody over minor | * | |
| plaintiffs TAINI DEL VALLE, LAILA AURA | * | |
| DEL VALLE, ZAIRIS MEJÍA AQUINO, | * | |
| JUSTIN DEL VALLE and GIANCARLO DEL | * | |
| VALLE; EMERENCIANA BUENO | * | |
| TAVERAS; LOURDES BUENO | * | |
| TAVERAS; GUILLERMO RIVERA | * | |
| REYES; ANGELA MARÍA GUZMÁN | * | |
| CASTILLO; DILENIS DOTEL PEREZ; | * | |
| CARLOS ANDRES ZENA and JOANNY | * | |
| ROSARIO ACOSTA, on their own stead | * | |
| and as parents with patria potestas and | * | |
| custody over minor plaintiff MICHELLE | * | |
| O'NEILL ZENA ROSARIO; FRANCISCO | * | |
|  R. NOVA SUERO; MARITZA VARGAS | * | |

RODRÍGUEZ, on her own stead and as parent   *
with patria potestas and custody over minor   *
plaintiff JOSE RAFAEL CABRERA;   *
GLORIVEE PEREZ RIVERA on her own   *
stead and as parent with patria potestas and   *
custody over minor plaintiffs TAINA PADRO   *
PEREZ and YARIMAR PADRO PEREZ;   *
JOSE ANTONIO RODRIGUEZ GREEN;   *
IRENE KERY ERNEX; BERENICE A.   *
MORETA KERY on her own stead and as   *
parent with patria potestas and custody   *
 over minor plaintiff BREILIN MORETA   *
LOURDES KERY ROMERO; OTACILIO   *
DE LUNA MARTE; NATIVIDAD RUBIO   *
DE DE LA LUNA   *
  *
   PLAINTIFFS   *
  *
   Vs.   *
  *
AMERICA CRUISE FERRIES, INC.;   *
BAJA FERRIES, USA, LLC; JOHN DOE;   *
AND RICHARD ROE INSURANCE   *
COMPANY   *
  *
   DEFENDANTS   *
  *
* * * * * * * * * * * * * * * * * * * * * * * * *

## SECOND AMENDED COMPLAINT

   **NOW COME** Plaintiffs Adriana Donaldson, et al., through their undersigned attorneys,

**TRONCOSO & SCHELL**, and very respectfully state, allege and pray as follows:

### I. PARTIES

a.    **Plaintiffs**

   1.    Plaintiff Adriana Donaldson is and was, at all relevant times, of legal age, and

resident of Santo Domingo, Dominican Republic and a citizen of said country.

2

2.      Plaintiffs Mariano de Léon Montero and Ana María Lucía Lorenzo, are married to each other, the parents of minor plaintiffs Ben Hiram de León Lorenzo and Benazir de León Lorenzo, and residents of Las Matías de Falcón, Dominican Republic.

3.      Plaintiff Ana Laura Bacilio is of legal age, and a resident of Santo Domingo, Dominican Republic.

4.      Plaintiffs Yunior Alberto Marucio and Raquel Amarilis Trinidad are of legal age, married to each, the parents with patria potestas and custody over minor plaintiff Ismael Esteban Mauricio and residents of Sabana de la Mar, Dominican Republic.

5.      Plaintiff Yuamary Esmeralda Mauricio is of legal age, daughter of plaintiffs Yunior Alberto Mauricio and Raquel Amarilis and resident of Sabana de la Mar, Dominican Republic.

6.      Plainitff Josafat Alberto Mauricio, is of legal age, son of plaintiffs Yunior Alberto Mauricio and Raquel Amarilis and resident of Sabana de la Mar, Dominican Republic.

7.      Plaintiff Hither Amauris Trinidad is of legal age, the brother of Ms. Raquel Amairlis Trinidad and brother in law of Mr. Yunior Alberto Mauricio, and a resident of Santo Domingo, Dominican Republic.

8.      Plaintiff Mercedes Abreu Reyes is of legal age, a retired teacher, and a resident of Santo Domingo, Dominican Republic.

9.      Plaintiffs Orlenda Altagracia de Jesús and Alejandro José Reyes are married to each other, the parents of minor plaintiffs Mariana Alejandra Taveras de Jesús and María Alejandra Taveras de Jesús, and residents of Santiago, Dominican Republic.

10.     Plaintiff Juan Carlos Ureña is of legal age, construction worker, married to plaintiff Francis Raquel Ramírez Balbuena and a resident of Santo Domingo, Dominican Republic.

3

11.     Plaintiff Francis Raquel Ramírez Balbuena is of legal age, a psychologist, married to plaintiff Juan Carlos Ureña and a resident of Santo Domingo, Dominican Republic.

12.     Plaintiff Catalina Reiser Vázquez is of legal age and a resident of Moca, Dominican Republic.

13.     Plaintiff John Cardec Pagán is of legal age, retired and resident of Hatillo, PR.

14.     Plaintiff Ivelisse Medina Carrasquillo is of legal age and a dental student at Universidad Central del Este in the Dominican Republic.

15.     Plaintiffs Sinforoso Del Valle Vargas and Kuisary Aquino Abril, are or legal age, married to each other and residents of San Juan, PR. Mr. Del Valle Vargas is the parent with patria potestas and custody over minor plaintiffs Giancarlo del Valle and Justin Del Valle, while Ms. Aquino Abril is the parent with patria potestas and custody over minor plaintiff Zairis Mejía Aquino. Mr. Del Valle Vargas and Ms. Aquino Abril are the parents with patria potestas and custody over minor plaintiffs Taini Del Valle and Laila Aura Del Valle.

16.     Plaintiff Emerenciana Bueno Taveras is of legal age and a resident of Cataño, Puerto Rico.

17.     Plaintiffs Lourdes Bueno Taveras and Guillermo Rivera Reyes are of legal age, married to each other and residents of Cataño, Puerto Rico.

18.     Plaintiff Angela Maria Guzmán Castillo is of legal age and a resident of San Juan, Puerto Rico.

19.     Plaintiff Dilenis Dotel Pérez is of legal age and a resident of Toa Baja, Puerto Rico.

20.     Plaintiffs Carlos Andrés Zena and Joanny Rosario Acosta are of legal age, married to each other, he a resident of San Juan, Puerto Rico, and she a resident of Santo Domingo,

Dominican Republic, and parents with patria postestas over minor plaintiff Michell O'Neill Zena Rosario.

21.     Plaintiff Francisco R. Nova Suero is of legal age and resident of Bayamón, Puerto Rico.

22.     Plaintiff Maritza Vargas Rodríguez is of legal age, a resident of Santiago, Dominican Republic, and the mother with patria potestas and custody over minor plaintiff José Rafael Cabrera.

23.     Plaintiffs Glorivee Pérez Rivera and José Antonio Rodríguez Green are married to each other, residents of Canóvanas, Puerto Rico. Ms. Pérez Rivera is the parent with patria potestas and custody over minor plaintiffs Taina Padró Pérez and Yarimar Padró Pérez.

24.     Plaintiff Irene Kery Ernex, is of legal age and resident of Levittown, Toa Baja, Puerto Rico.

25.     Plaintiff Berenice Moreta Kery is of legal age, parent with patria potestas and custody over minor plaintiff Breilin Moreta, and resident of San Juan, Puerto Rico.

26.     Plaintiff Lourdes Kery Romero is of legal age and a resident of San Juan, Puerto Rico.

27.     Plaintiffs Otacilio de la Luna Marte and Natividad Rubio de de la Luna Marte, are of legal age, married to each other and residents of San Juan, Puerto Rico.

28.     All plaintiffs herein were fare paying and lawful passengers on board the M/V Caribbean Fantasy, boarding the vessel on August 16, 2016, at the Port of Santo Doming, Dominican Republic, and scheduled to arrive to the Port of San Juan early in the morning of August 17, 2016.

**b.**     **Defendants**

29.     Defendant America Cruise Ferries, Inc. ("Ferries") is and was, at all times relevant hereto, a domestic corporation, incorporated in Puerto Rico, with its principal place of business in San Juan, Puerto Rico.

30.     Defendant Baja Ferries, USA LLC ("Baja") is a legal entity organized under the laws of the State of Florida and domiciled in the State of Florida.

31.     Defendant Baja is and was at all times relevant hereto the owner and/or operator of the M/V Caribbean Fantasy.

32.     Defendant John Doe is the fictitious name of an individual or entity domiciled in or incorporated in a state of the United States, which may be liable to plaintiffs for the damages resulting from the facts averred herein. Once its true name is ascertained, the corresponding amendment to the complaint will be made.

33.     Defendant Richard Roe is the fictitious name of an individual or entity domiciled in or incorporated in a state of the United States, which may be liable to plaintiffs for the damages resulting from the facts averred herein. Once its true name is ascertained, the corresponding amendment to the complaint will be made.

34.     Defendant ABC Insurance Company is the fictitious name of one or more insurance companies duly organized and existing under the laws of the Commonwealth of Puerto Rico, that issued a policy of insurance covering the facts of this case on behalf of Defendants Ferries, Baja and/or John Doe. Once its true name is ascertained, the corresponding amendment to the complaint will be made.

## II. JURISDICTION AND ALLEGATIONS COMMON TO ALL CLAIMS

35.     This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332 over the claims of those Plaintiffs that are citizen of the Dominican Republic, the Defendants are citizens of a country other than the Dominican Republic and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

36.     This Court has Admiralty and Maritime Jurisdiction and the claim in within the meaning of Fed. R. Civ. P.9 (h). Admiralty and Maritime Jurisdiction is based upon 28 U.S.C. §1331 and 28 USC §1333.

37.     Venue is proper in this Court pursuant to 28 U.S.C § 1391, because one or more of the Defendants reside in this judicial district and the sea going vessel sailed from the Port of Santo Domingo, Dominican Republic, to the Port of San Juan, Puerto Rico, and the accident subject of this complaint occurred just outside the Bay of San Juan.

### III. FACTS

**a.     Adriana Donaldson**

38.     Ms. Donaldson did not reserve a cabin on board the M/V Caribbean Fantasy, as she intended to spend the voyage from the Dominican Republic to Puerto Rico in the vessel's general seating area, as many other passengers had opted to do.

39.     At about 7:00 a.m. of August 17, 2016, Ms. Donaldson heard an alarm through the vessel's public address system, advising the public that there was a fire on board the M/V Caribbean Fantasy, which was out of control and instructing the passengers to walk to the upper deck. At the time of the mishap, the vessel was within a mile of the Bay of San Juan, well within the territorial waters of Puerto Rico.

40.     As instructed, Ms. Donaldson proceeded to the upper deck, where she was met by

a chaotic scene, as people were hysterical, screaming, pushing each other, shouting and some even jumped overboard to the open sea. At this juncture, she was exposed to the pungent smoke generated by the fire on board the M/V Caribbean Fantasy.

41.     As a healthy adult and after what seemed like an eternity to her, Ms. Donaldson was one of the last passengers to be instructed to leave the vessel, through a slide towards a holding raft, where they would be transferred to a second vessel and get to safety.

42.     As a result of sliding down to the holding raft, Ms. Donaldson suffered an injury to her right knee and right elbow, as she became stuck in the slide.

43.     Once on board the holding raft, Ms. Donaldson was literally thrown by the crew from the vessel towards an emergency raft, where she, and the other passengers and crew members on board had to wait for hours to be transported to shore. While waiting in the raft for transport to shore, all passengers and crew members became sick and began throwing up uncontrollably, as a result of which she became impregnated not only with her vomit, but with that of fellow passengers and crew members.

44.     After many hours, Ms. Donaldson was finally transported to shore, where she was taken to the Hoare Municipal Health Care Dispensary, where after receiving emergency medical treatment, her condition was diagnosed as torn ligaments in her right knee.

45.     Ms. Donaldson's trip to Puerto Rico, had been scheduled as a vacation, which was ruined by the ordeal of August 17, 2016, coupled with the fact that she had to spent many days without clothes, as all of her luggage with her personal items remained on board the M/V Caribbean Fantasy.

46.     At present, Ms. Donaldson continues with pain throughout her body, difficulty

breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

47.     In all, Ms. Donaldson will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**b.     Mariano de Léon Montero, Ana María Lucía Lorenzo, Ben Hiram de León Lorenzo, Benazir de León Lorenzo**

48.     Mariano de León Montero and Ana Lucía Lorenzo are married to each other and the parents with patria potestas and custody over minors Ben Hiram de León Lorenzo and Benazir de León Lorenzo.

49.     On August 16, 2016 they boarded the M/V Caribbean Fantasy and spent the evening on one of its berths. The evening was characterized as particularly hot and muggy, as the air-conditioning system on board was not working.

50.     Sometime after 7:00 a.m. on August 17, 2016, while they were having breakfast, they were asked to abandon the vessel's restaurant, due to the amount of smoke that was entering. They were later advised to proceed to the upper deck, where they received the order to "abandon ship", due to a fire on board that was out of control.

51.     Upon hearing said news, pandemonium broke out and the scene was marked by total chaos.  During this chaotic scene, Mr. De León Ortiz was told to leave his hand luggage behind, in which he had $50,000.00 in cash, as he intended to buy a vehicle during his vacation in Puerto Rico. After some time on deck, they proceeded to board one of the three emergency tenders of the vessel.

9

52.     As the tender was being lowered to the ocean, one of the lines got stuck and the tender began to hit the side of the M/V. Caribbean Fantasy, as a result of the wave action. During this time, the occupants of said tender received multiple trauma and contusions.

53.     The hull of the tender also suffered damages, due to cracks sustained by the impacts against the side of the M/V Caribbean Fantasy and commenced to make water, further exacerbating the injuries suffered by the plaintiffs.

54.     Once the tender was freed from the cable and lowered, it was done with great force, as if it had been dropped without any control, which further caused injuries to the tender's occupants.

55.     When the tender was freed from the lines and its engine was started, it became evident that it did not work, as a result of which the tender was adrift for various hours in the open Atlantic Ocean. During this time at sea, the tender began to make water through the cracks in the hull as a result of the banging against the hull of the vessel, for which the passengers and crew members on board had to frantically thread water out. Likewise, most passengers and crew members on board got sick, and the dantesque scene was marked by the constant vomiting of people inside the tender, including on themselves.

56.     After was seemed an eternity, the emergency responders began to transfer people from the tender to a second boat. After only about fifty people remained on board, the tender was towed to shore. By this time, many hours had transpired.

57.     At present, Mr. Mariano de Léon Montero, Ms. Ana María Lucía Lorenzo and their children Ben Hiram de León Lorenzo, Benazir de León Lorenzo continue with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as

nightmares, fear of the sea, anxiety, etc.

58.     In all, Mr. Mariano de Léon Montero, Ms. Ana María Lucía Lorenzo and their children Ben Hiram de León Lorenzo, Benazir de León Lorenzo will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**c.     Ana Laura Bacilio**

59.     Ms. Ana Laura Bacilio did not reserve a cabin on board the M/V Caribbean Fantasy, as she intended to spend the voyage from the Dominican Republic to Puerto Rico in the vessel's general seating area, as many other passengers had opted to do.

60.     As the vessel approached the Port of San Juan, Ms. Bacilio went outside to view the entrance to the Bay of San Juan, as many other passengers intended to. However, due to the inordinate amount of smoke emitted by the vessel, she could not stand outside for long and had to go back inside the vessel.

61.     At about 7:15 a.m. she heard the announcement that a fire was out of control and the order to evacuate the vessel.

62.     When she went to the upper deck, the scene was chaotic and disorganized, to the point that there was even a shortage of life vests, as a result of which many adults had to wear children life vests.

63.     After a considerable amount of time in the vessel's upper decks, during which she inhaled an inordinate amount of smoke, she had to evacuate through a "slide", down to a floating platform. As a result of this, she sustained a laceration in her back, trauma to her arms, back and neck.

65.     From the floating platform, she was transported to small craft, and then to another vessel. Upon boarding this last vessel, Ms. Bacilio fainted and regained consciousness back in port.

65.     Upon reaching port, she had to be transported to Pavía Hospital, where her level of oxygenation was down to 90%. Thus, she not only received care for her wounds, but also for her oxygenation and sedatives to calm her nerves.

66.     As a result of the events in question, she also lost her baggage, cellular phone and an Anne Klein watch.

67.     At present, Ms. Bacilio continues with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

68.     In all, Ms. Bacilio will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**d.     Yunior Alberto Mauricio, Raquel Amarilis Trinidad, Ismael Esteban Mauricio, Yuamary Esmeralda Mauricio, Josafat Alberto Mauricio and Hither Amauris Trinidad**

69.     Plaintiffs Yunior Alberto Mauricio, Raquel Amarilis Trinidad, Ismael Esteban Mauricio, Yuamary Esmeralda Mauricio, Josafat Alberto Mauricio and Hither Amauris Trinidad did not reserve a cabin on board the M/V Caribbean Fantasy, as they purchased their tickets to spend the voyage from Santo Domingo, Dominican Republic, to San Juan, Puerto Rico, in the general sitting area in the upper decks of the vessel.

70.     At about 6:00 a.m. of August 17, 2016, they walked outside to see the entrance of

12

the ferry to the Bay of San Juan. However, they immediately noticed that the vessel had stopped

dead in the water, that there was an inordinate amount of smoke being emitted by the engines and

a number of small boats were approaching the ferry. As the smoke became intolerable, they had

to go back inside.

71.    At about 7:00 a.m., they were ordered to the upper decks and to abandon ship,

because a fire onboard could not be controlled.

72.    Initially, the crew of M/V Caribbean Fantasy could not lower its emergency

tenders, as they malfunctioned.

73.    At one point, the crew placed Yuamary Esmeralda Mauricio, who is deaf, by herself

onboard one of the tenders, an action which met stiff resistance from her parents and uncle, since

being deaf and without their presence she would have been unable to communicate with anyone.

74.    As a result of their opposition, the whole family was placed in one of the tenders,

with some 105 other passengers of the ferry.

75.    While the tender was being lowered, it got stuck on the way down and as a result

of the wave action, it began to hit the hull of the ferry, and its bottom cracked. During the

maneuver, one of the cables holding the tender broke and the tender had one of its sides inside the

water and the other was not (tilted).

76.    The initial efforts to get out of the stuck ferry to a rescue vessel initially failed, and

they had to spent various hours inside the tilted tender, hitting the hull of the ferry due to the wave

action, inhaling smoke, some of the passengers became ill and began to vomit, while others even

fainted. When they were finally able to let go from the ferry, they hit the water with great force.

As a result of the numerous times that the tender struck the hull of the ferry and the force with

which it hit the water, its passengers suffered bodily injuries.

77.     At given moment a tugboat attempted to retrieve the occupants of the tender, and as the waves pushed the vessels against each other, the tender began to break up and the evacuation effort had to be abandoned.

78.     The tender then began to aimlessly navigate, as if the crew did not have a clue as to where to head and all the passengers began to inhale the engine's smoke, which poured inside the cabin.

79.     After many hours of suffering inside the tender, it finally sailed to the area by San Juan Bay Marina, where the occupants disembarked.

80.     At present, Mr. Yunior Alberto Mauricio, Ms. Raquel Amarilis Trinidad and their children Ismael Esteban Mauricio, Yuamary Esmeralda Mauricio, and Josafat Alberto Mauricio and Mr. Hither Amauris Trinidad continue with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

81.     In all, At present, Mr. Yunior Alberto Mauricio, Ms. Raquel Amarilis Trinidad and their children Ismael Esteban Mauricio, Yuamary Esmeralda Mauricio, and Josafat Alberto Mauricio and Mr. Hither Amauris Trinidad will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**e.     Mercedes Abreu Reyes**

82.     Plaintiff Mercedes Abreu Reyes, a retired teacher, boarded the M/V Caribbean Fantasy on August 16, 2016, to travel to Puerto Rico, with the intention of spending a vacation.

14

83.     Early in the morning of August 17, 2016, Ms. Abreu Reyes noticed that there was a lot of smoke coming into the M/V. Caribbean Fantasy, as well as a strong smell of burning.

84.     Ms. Abreu Reyes then notices the commotion of passengers and crewmembers, and upon listening to the instructions to proceed to an upper deck, she follows the command. While waiting for things to be organized at the vessel's upper deck, Ms. Abreu Reyes inhaled an inordinate amount of smoke.

85.     Notwithstanding the commotion in the vessel's upper deck, Ms. Abreu Reyes is placed in the first tender to leave the M/V Caribbean Fantasy.  However, while being lowered, this ferry got stuck on the way down and due to the wave action, began to strike the hull of the M/V Caribbean Fantasy.

86.      While the tender was being lowered, it got stuck on the way down and as a result of the wave action, it began to hit the hull of the ferry, and its bottom cracked. During the maneuver, one of the cables holding the tender broke and the tender had one of its sides inside the water and the other was not (tilted).  During this ordeal, Ms. Abreu Reyes sustained trauma throughout her body.

87.     The initial efforts to get out of the stuck ferry to a rescue vessel initially failed, and they had to spent various hours inside the tilted tender, hitting the hull of the ferry due to the wave action, inhaling smoke, some of the passengers became ill and began to vomit, while others even fainted. When they were finally able to let go from the ferry, they hit the water with great force. As a result of the numerous times that the tender struck the hull of the ferry and the force with which it hit the water, its passengers suffered bodily injuries.

88.     At given moment a tugboat attempted to retrieve the occupants of the tender, and

as the waves pushed the vessels against each other, the tender began to break up and the evacuation effort had to be abandoned.

71.     The tender then began to aimlessly navigate, as if the crew did not have a clue as to where to head and all the passengers began to inhale the engine's smoke, which poured inside the cabin.

89.     After many hours of suffering inside the tender, it finally sailed to the area by San Juan Bay Marina, where the occupants disembarked.

90.     At present, Ms. Abreu Reyes continues with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

91.     In all, Ms. Abreu Reyes will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

f.     **Orlenda Altagracia de Jesús, Alejandro Taveras Reyes, Mariana Alajandra Taveras de Jesús and Maria Alejandra Taveras de Jesús**

92.     Plaintiffs Orlenda Altagracia de Jesús and Alejandro Taveras Reyes, are married to each other and the parents with patria potestas and custody over minors Mariana Alajandra Taveras de Jesús and Maria Alejandra Taveras de Jesús.

93.     On August 16, 2016 they boarded the M/V Caribbean Fantasy and spent the evening on one of its berths. The evening was characterized as particularly hot and muggy, as the air-conditioning system on board was not working.

94.     Sometime after 7:00 a.m. on August 17, 2016, they heard a commotion outside of

their berth, which was close to the vessel's reception area, and heard the instruction to leave everything while they were having breakfast, they were asked to abandon the vessel's restaurant, due to the amount of smoke that was entering. They were later advised to proceed to the upper deck, where they received the order to "abandon ship", due to a fire on board that was out of control.

95.    Upon hearing said news, pandemonium broke out and the scene was marked by total chaos.  On topside, they had to wait for some time before being told to board one of its tenders, and during this time, they inhale an inordinate amount of smoke.

96.    As the tender was being lowered to the ocean, one of the lines got stuck and the tender began to hit the side of the M/V. Caribbean Fantasy, as a result of the wave action. During this time, the occupants of said tender received multiple trauma and contusions.

97.    The hull of the tender also suffered damages, due to cracks sustained by the impacts against the side of the M/V Caribbean Fantasy and commenced to make water, further exacerbating the injuries suffered by the plaintiffs.

98.    Once the tender was freed from the cable and lowered, it was done with great force, as if it had been dropped without any control, which further caused injuries to the tender's occupants.

99.    When the tender was freed from the lines and its engine was started, it became evident that it did not work, as a result of which the tender was adrift for various hours in the open Atlantic Ocean. During this time at sea, the tender began to make water through the cracks in the hull as a result of the banging against the hull of the vessel, for which the passengers and crew members on board had to frantically thread water out. Likewise, most passengers and crew

members on board got sick, and the dantesque scene was marked by the constant vomiting of people inside the tender, including on themselves.

100.    After was seemed an eternity, the emergency responders began to transfer people from the tender to a second boat. After only about fifty people remained on board, the tender was towed to shore. By this time, many hours had transpired.

101.    At present, Ms. Orlenda Altagracia de Jesús, Mr. Alejandro Taveras Reyes, and their children Mariana Alajandra Taveras de Jesús and Maria Alejandra Taveras de Jesús continue with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

102.    In all, Ms. Orlenda Altagracia de Jesús, Mr. Alejandro Taveras Reyes, and their children Mariana Alajandra Taveras de Jesús and Maria Alejandra Taveras de Jesús will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**g.    Juan Carlos Ureña and Francis Raquel Ramírez Balbuena**

103.    On August 16, 2016, plaintiffs Juan Carlos Ureña and Francis Raquel Ramírez Balbuena boarded the M/V Caribbean Fantasy in Santo Doming, Dominican Republic, for transportation to San Juan, Puerto Rico, where they intended to spend a vacation visiting family and friends.

104.    The spent the evening and the voyage towards Puerto Rico in the vessel's general seating area, which was characterized as being hot, as the a/c was not working appropriately.

105.    Shortly after 7:00 a.m. in the morning of August 17, 2016, they noticed an inordinate amount of smoke that was entering the vessel and shortly thereafter an order to evacuate

the area and to proceed topside was given, an order which they heeded.

106.    Once on topside, they viewed and experienced a chaotic scene characterized by disorganized way it was being organized and handled by the vessel's crew. During this time, which to them it seemed like an eternity, they inhaled an inordinate amount of smoke.

107.    After what it seemed to them like an eternity, they were directed to egress the vessel through a slide that had been hastily placed from the upper deck, down to sea level, where the passenger would land on top of a floating platform.

108.    As Ms. Francis Raquel Ramírez Balbuena left foot got caught on a "bump" in the slide, as a result of which she dangled upside down in the slide, needing the help of a crew member to untangle her.  As a result thereof, she suffered injuries to her left knee, including a teared tendon and a teared ligament. She also sustained burns throughout her body.

109.    As Mr. Juan Carlos Ureña came down the slide, he also sustained injuries and burns throughout his body.

110.    After being transferred from the floating platform to a tender, they were transported to a Coast Guard vessel and transported to the port of San Juan, from which they were taken to the Puerto Rico Medical Center for medical care and treatment.

120.    From the Puerto Rico Medical Center they were discharged home, with instructions to continue their medical care and treatment. In the case of Ms. Ramírez Balbuena, this entails surgery and physical rehabilitation.

121.    At present, Mr. Juan Carlos Ureña and Ms. Francis Raquel Ramírez Balbuena continue with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

122.    In all, Mr. Juan Carlos Ureña and Ms. Francis Raquel Ramírez Balbuena will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**h.    Catalina Reiser Vázquez**

123.    On August 16, 2016, plaintiff Catalina Reiser Vázquez boarded the M/V Caribbean Fantasy in Santo Doming, Dominican Republic, for transportation to San Juan, Puerto Rico.

124.    She spent the evening and the voyage towards Puerto Rico in the vessel's general seating area, which was characterized as being hot and as the a/c was not working appropriately.

125.    Sometime prior to 7:00 a.m. she noticed that it smelled as something was burning and she proceeded to go the cafeteria to order some coffee.

126.    When she left the cafeteria, she was not able to drink her coffee, as she was ordered out of the area and to proceed to upper deck.

127.    At the upper deck, the passengers were given the life vests, the Captain showed up to area and appeared to be desperate and then waited for an inordinate amount of time in a chaotic scene as both crew members and passengers appeared to be desperate.

128.    She was eventually placed in one of the vessel's tenders. However, as the tender was being lowered, it got stuck on the way down and as a result of the wave action, it began to hit the hull of the ferry, and its bottom cracked. During the maneuver, the tender got stuck and could be totally lowered to the ocean. However, as the tender was hanging on the side of the vessel, waves began hitting it and the tender began to hit the hull of the vessel. The side of the tender in which plaintiff was seating cracked. The tender also began to make water.

20

129.   While seating inside the tender for many hours, and as a result of the wave action and the constant hitting of the tender against the vessel's hull, Ms. Reiser Vázquez suffered injuries throughout her body, but particularly to her back, right leg, left knee, left elbow and coccyx (due to a protruding screw where she was sitting).

130.   After many hours hanging from the side of the vessel, finally help arrived and she was transported to another vessel, where she had to lie on the floor due to lack of space and taken to shore.

131.   At shore, after clearing immigration Ms. Reiser Vázquez fainted and she to immediately be taken to Pavía Hospital, where a complete blood workout and brain ct-scan were performed. Her blood pressure was elevated, 198/99. She was finally discharged with instructions to continue her medical care with her personal physicians.

132.   At present, Ms. Reiser Vázquez continues with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

133.   In all, Ms. Reiser Vázquez will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**i.    Plaintiff John Cardec Pagán**

134.   On August 16, 2016, plaintiff John Cardec Pagán boarded the M/V Caribbean Fantasy in Santo Doming, Dominican Republic, for transportation to San Juan, Puerto Rico.

135.   Early in the morning of August 17, 2016, Mr. Cardec Pagán noticed that there was a lot of smoke coming into the M/V. Caribbean Fantasy, as well as a strong smell of burning.

21

Shortly thereafter, he was instructed to proceed to the vessel's upper deck,

136.    Mr. Cardec then notices the commotion of passengers and crewmembers, and upon listening to the instructions to proceed to an upper deck, he follows the command. While waiting for things to be organized at the vessel's upper deck, Mr. Cardec Pagán inhaled an inordinate amount of smoke.

137.    Notwithstanding the commotion in the vessel's upper deck, Mr. Cardec Pagán is instructed to board a tender to leave the M/V Caribbean Fantasy.  However, while being lowered, this ferry got stuck on the way down and due to the wave action, began to strike the hull of the M/V Caribbean Fantasy.

138.    While the tender was being lowered, it got stuck on the way down and as a result of the wave action, it began to hit the hull of the ferry, and its bottom cracked. During the maneuver, one of the cables holding the tender broke and the tender had one of its sides inside the water and the other was not (tilted).  During this ordeal, Mr. Cardec Pagán sustained trauma throughout his body.

139.    The initial efforts to get out of the stuck ferry to a rescue vessel initially failed, and they had to spent various hours inside the tilted tender, hitting the hull of the ferry due to the wave action, inhaling smoke, some of the passengers became ill and began to vomit, while others even fainted. When they were finally able to let go from the ferry, they hit the water with great force. As a result of the numerous times that the tender struck the hull of the ferry and the force with which it hit the water, its passengers suffered bodily injuries.

140.    At given moment a tugboat attempted to retrieve the occupants of the tender, and as the waves pushed the vessels against each other, the tender began to break up and the evacuation

22

effort had to be abandoned.

141.    The tender then began to aimlessly navigate, as if the crew did not have a clue as to where to head and all the passengers began to inhale the engine's smoke, which poured inside the cabin.

142.    After many hours of suffering inside the tender, it finally sailed to the area by San Juan Bay Marina, where the occupants disembarked.

143.    After his ordeal on board the M/V Caribbean Fantasy, Mr. Cardec Pagán's high blood pressure, for which he was medicated at the time of the facts, got out of control and had to visit his physician to get back in control.

144.    At present, Mr. Cardec Pagán continues with pain throughout his body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

145.    In all, Mr. Cardec Pagán will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**j.      Ivelisse Medina Carrasquillo**

146.    On August 16, 2016, plaintiff Ivelisse Medina Carrasquillo boarded the M/V Caribbean Fantasy in Santo Doming, Dominican Republic, for transportation to San Juan, Puerto Rico. She was assigned a cabin on board, where she intended to spend the evening. However, she noticed that there was no air conditioning in her assigned cabin.

147.    During the evening, she went out to have dinner and noticed a smell as of "burned hair". When she concluded dinner and returned to her cabin, the smell had gotten stronger, a

23

situation that she reported to the vessel's personnel, who discarded the nature of the problem by advising that the smoke was being felt inside, due to the vessel's current heading and wind direction.

148.    At about 7:00 a.m. of August 17, 2016, Ms. Medina Carrasquillo was instructed by the vessel's personnel to leave her room and everything in it and to head to the upper decks. She asks  about the reason, but is told that is simply a "drill".

149.    As instructed, Ms. Medina Carrasquillo proceeded to the upper deck, where she was met by a chaotic scene, as people were hysterical, screaming, pushing each other, shouting and some even jumped overboard to the open sea. At this juncture, she was exposed to the pungent smoke generated by the fire on board the M/V Caribbean Fantasy.

150.    As a healthy adult and after what seemed like an eternity to her, Ms. Medina Carrasquillo was one of the last passengers to be instructed to leave the vessel, through a slide towards a holding raft, where they would be transferred to a second vessel and get to safety.

151.    As a result of sliding down to the holding raft, Ms. Medina Carrasquillo suffered an injury to her right leg, as she became stuck in the slide.

152.    Once on board the holding raft, Ms. Medina Carrasquillo was literally thrown by the crew from the vessel towards an emergency raft, where she, and the other passengers and crew members on board had to wait for hours to be transported to shore. While waiting in the raft for transport to shore, all passengers and crew members became sick and began throwing up uncontrollably, as a result of which she became impregnated not only with her vomit, but with that of fellow passengers and crew members.

153.    After many hours, Ms. Medina Carrasquillo was finally transported to shore, where

she was taken to the Hoare Municipal Health Care Dispensary, where after receiving emergency medical treatment and x-rays, she was discharged home.

154.    However, at home she continued to experience pain in her right leg and difficulty breathing, for which she sought medical care with a local physician.

155.    Upon returning to her post-graduate studies in the Dominican Republic, she continued to receive medical treatment and care to her right leg.

156.    At present, Ms. Medina Carrasquillo continues with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

157.    In all, Ms. Medina Carrasquillo will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**k.    Sinforoso Del Valle Vargas, Kuisary Aquino Abril, Giancarlo del Valle, Justin Del Valle, Zairis Mejía Aquino, Taini Del Valle and Laila Aura Del Valle.**

158.    Plaintiffs Sinforoso Del Valle Vargas, Kuisary Aquino Abril, are or legal age, married to each other and residents of San Juan, PR. Mr. Del Valle Vargas is the parent with patria potestas and custody over minor plaintiffs Giancarlo del Valle and Justin Del Valle, while Ms. Aquino Abril is the parent with patria potestas and custody over minor plaintiff Zairis Mejía Aquino. Mr. Del Valle Vargas and Ms. Aquino Abril are the parents with patria potestas and custody over minor plaintiffs Taini Del Valle and Laila Aura Del Valle.

159.    On August 16, 2016, they boarded the M/V Caribbean Fantasy and spent the evening on one of its berths. The evening was characterized as particularly hot and muggy, as the

air-conditioning system on board was not working and smelled as if something was burning. The heat was such, that after multiple complaints at about 1:00 a.m. of August 17, 2016, a fan was provided by the vessel's crew.

160.    In the morning of August 17, 2016, the burnt smell became stronger and after a public announcement was made that the breakfast buffet was ready that they opened their cabin's door, they saw the mayhem in the hall of the crew running back and forth. They asked what was going on, and they were told that it was a drill and they were instructed to leave their cabin for the upper deck. At the upper deck, they were not allowed to go back to their room and it was evident that there was no such thing as a drill being conducted and that the fire and the ensuing emergency were real.

161.    After a long wait and exposure to the thick smoke emitted by the vessel, Ms. Aquino Ubril and the children were instructed to board a tender, while Mr. Del Valle was instructed to abandon the vessel through a slide that had been hastily placed.

162.    Once the tender descended to the water, its engine failed to start and since the tender was adrift, it began to strike the hull of the M/V Caribbean Fantasy and make water.        Mr. Del Valle, as instructed, abandoned the vessel through the slide that had been placed from the upper deck, all the way down to sea level. While sliding down he suffered injuries in his right arm, suffering a tendon tear.

163.    When Mr. Del Valle boards a rescue vessel, he advises that his wife and children are on the tender that is adrift, including his 7 months old daughter Laila. So, the vessel proceeds to approach the tender and rescues his children, but not Ms. Aquino Ubril, who is instructed to remain on board the tender.

164.    When Mr. Del Valle and his children arrive to shore, they are taken to the Pediatric Hospital, as Leila was severely dehydrated, Taini was vomiting uncontrollably and Giancarlo had suffered a left knee trauma while boarding the rescue craft. Once on shore, Ms. Aquino Ubril was desperate looking for her family and it wasn't until the afternoon that she learned that they were at the Hospital Pediátrico, where she joined them.

165.    All plaintiffs inhaled an inordinate amount of smoke and the children developed symptoms akin go acute asthma. Futher, they all were advanced to seek psychological treatment. Further, Ms. Aquino Abril was in the early stages of a pregnancy and began to bleed, whose child she lost.

166.    In all, Mr. Sinforoso Del Valle Vargas, Ms. Kuisary Aquino Abril; as well as minor plaintiffs Giancarlo del Valle, Justin Del Valle, Zairis Mejía Aquino, Taini Del Valle and Laila Aura Del Valle will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**l.      Emerenciana Bueno Taveras**

167.    On August 16, 2016 she boarded the M/V Caribbean Fantasy to return to Puerto Rico after a vacation in the Dominican Republic. The evening was spent in the general sitting area and characterized as particularly hot and muggy, as the air-conditioning system on board was not working.

168.    Sometime after 7:00 a.m. on August 17, 2016, she heard a public announcement that there was a fire on board that could not be extinguished and not panic.  As instructed, she proceeded to the vessel's upper level.

27

169.     Upon hearing said news, pandemonium broke out and the scene was marked by total chaos.  On topside, she had to wait for some time before being told to board one of its tenders, and during this time, she inhaled an inordinate amount of smoke.

170.     As the tender was being lowered to the ocean, one of the lines got stuck and the tender began to hit the side of the M/V. Caribbean Fantasy, as a result of the wave action. During this time, the occupants of said tender received multiple trauma and contusions.

171.     The hull of the tender also suffered damages, due to cracks sustained by the impacts against the side of the M/V Caribbean Fantasy and commenced to make water, further exacerbating the injuries suffered by the plaintiffs.

172.     Once the tender was freed from the cable and lowered, it was done with great force, as if it had been dropped without any control, which further caused injuries to the tender's occupants.

173.     When the tender was freed from the lines and its engine was started, it became evident that it did not work, as a result of which the tender was adrift for various hours in the open Atlantic Ocean. During this time at sea, the tender began to make water through the cracks in the hull as a result of the banging against the hull of the vessel, for which the passengers and crew members on board had to frantically thread water out. Likewise, most passengers and crew members on board got sick, and the dantesque scene was marked by the constant vomiting of people inside the tender, including on themselves.

174.     After was seemed an eternity, the emergency responders began to transfer people from the tender to a second boat. After only about fifty people remained on board, the tender was towed to shore. By this time, many hours had transpired

175.    At present, Ms. Emerenciana Bueno Taveras continues with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

176.    In all, Ms. Emerenciana Bueno Taveras will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**m.     Plaintiffs Lourdes Bueno Taveras and Guillermo Rivera Reyes**

177.    On August 16, 2016, Ms. Lourdes Bueno Taveras and Mr. Guillermo Reyes boarded the M/V Caribbean Fantasy to return to Puerto Rico after a vacation in the Dominican Republic. The evening was spent in the general sitting area and characterized as particularly hot and muggy, as the air-conditioning system on board was not working.

178.    Sometime after 7:00 a.m. on August 17, 2016, they heard a public announcement that there was a fire on board that could not be extinguished and not panic.  As instructed, they proceeded to the vessel's upper level.

179.    Upon hearing said news, pandemonium broke out and the scene was marked by total chaos.  On topside, they had to wait for some time before being told to board one of its tenders, and during this time, they inhaled an inordinate amount of smoke.

180.    As the tender was being lowered to the ocean, one of the lines got stuck and the tender began to hit the side of the M/V. Caribbean Fantasy, as a result of the wave action. During this time, the occupants of said tender received multiple trauma and contusions.

181.    The hull of the tender also suffered damages, due to cracks sustained by the impacts against the side of the M/V Caribbean Fantasy and commenced to make water, further exacerbating

the injuries suffered by the plaintiffs.

182.    Once the tender was freed from the cable and lowered, it was done with great force, as if it had been dropped without any control, which further caused injuries to the tender's occupants.

183.    When the tender was freed from the lines and its engine was started, it became evident that it did not work, as a result of which the tender was adrift for various hours in the open Atlantic Ocean. During this time at sea, the tender began to make water through the cracks in the hull as a result of the banging against the hull of the vessel, for which the passengers and crew members on board had to frantically thread water out. Likewise, most passengers and crew members on board got sick, and the dantesque scene was marked by the constant vomiting of people inside the tender, including on themselves.

184.    After was seemed an eternity, the emergency responders began to transfer people from the tender to a second boat. After only about fifty people remained on board, the tender was towed to shore. By this time, many hours had transpired

185.    As a result of the ordeal, Ms. Lourdes Bueno Taveras fainted and fell to the floor, as a result of which she be transported to the Hoare Medical Treatment Center.

186.    At present, Ms. Lourdes Bueno Taveras and Mr. Guillermo Rivera Reyes continue with pain throughout their body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

187.    In all, Ms. Lourdes Bueno Taveras and Mr. Guillermo Rivera Reyes Bueno Taveras will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August

17, 2016.

**n.     Plaintiff Angela María Guzmán Castillo**

188.     On August 16, 2016, Ms. Angela María Guzmán Castillo boarded the M/V Caribbean Fantasy to return to Puerto Rico after a vacation in the Dominican Republic. The evening was spent in the general sitting area and characterized as particularly hot and muggy, as the air-conditioning system on board was not working.

189.     Sometime after 7:00 a.m. on August 17, 2016, she heard a public announcement that there was a fire on board that could not be extinguished and not panic.  As instructed, she proceeded to the vessel's upper level.

190.     Upon hearing said news, pandemonium broke out and the scene was marked by total chaos.  On topside, they had to wait for some time before being told to board one of its tenders, and during this time, they inhaled an inordinate amount of smoke.

191.     As the tender was being lowered to the ocean, one of the lines got stuck and the tender began to hit the side of the M/V. Caribbean Fantasy, as a result of the wave action. During this time, the occupants of said tender received multiple trauma and contusions.

192.     The hull of the tender also suffered damages, due to cracks sustained by the impacts against the side of the M/V Caribbean Fantasy and commenced to make water, further exacerbating the injuries suffered by the plaintiffs.

193.     Once the tender was freed from the cable and lowered, it was done with great force, as if it had been dropped without any control, which further caused injuries to the tender's occupants.

194.     When the tender was freed from the lines and its engine was started, it became

evident that it did not work, as a result of which the tender was adrift for various hours in the open Atlantic Ocean. During this time at sea, the tender began to make water through the cracks in the hull as a result of the banging against the hull of the vessel, for which the passengers and crew members on board had to frantically thread water out. Likewise, most passengers and crew members on board got sick, and the dantesque scene was marked by the constant vomiting of people inside the tender, including on themselves.

195.    After was seemed an eternity, the emergency responders began to transfer people from the tender to a second boat. After only about fifty people remained on board, the tender was towed to shore. By this time, many hours had transpired

196.    As a result of the ordeal, Ms. Guzmán Castillo suffered trauma throughout her body and she was pregnant at time, which worsen her ordeal.

197.    At present, Ms. Guzmán Castillo continues with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

198.    In all, Ms. Guzmán Castillo will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**o.    Plaintiff Dilenis Dotel Pérez**

199.    On August 16, 2016, Ms. Dilenis Dotel Pérez boarded the M/V Caribbean Fantasy to return to Puerto Rico after a vacation in the Dominican Republic. The evening was spent in the general sitting area and characterized as particularly hot and muggy, as the air-conditioning system on board was not working.

200.    Sometime after 7:00 a.m. on August 17, 2016, she heard a public announcement that there was a fire on board that could not be extinguished and not panic.  As instructed, she proceeded to the vessel's upper level.

201.    Upon hearing said news, pandemonium broke out and the scene was marked by total chaos.  On topside, she had to wait for some time before being told to board one of its tenders, and during this time, they inhaled an inordinate amount of smoke.

202.    As the tender was being lowered to the ocean, one of the lines got stuck and the tender began to hit the side of the M/V. Caribbean Fantasy, as a result of the wave action. During this time, the occupants of said tender received multiple trauma and contusions.

203.    The hull of the tender also suffered damages, due to cracks sustained by the impacts against the side of the M/V Caribbean Fantasy and commenced to make water, further exacerbating the injuries suffered by the plaintiffs.

204.    Once the tender was freed from the cable and lowered, it was done with great force, as if it had been dropped without any control, which further caused injuries to the tender's occupants.

205.    When the tender was freed from the lines and its engine was started, it became evident that it did not work, as a result of which the tender was adrift for various hours in the open Atlantic Ocean. During this time at sea, the tender began to make water through the cracks in the hull as a result of the banging against the hull of the vessel, for which the passengers and crew members on board had to frantically thread water out. Likewise, most passengers and crew members on board got sick, and the dantesque scene was marked by the constant vomiting of people inside the tender, including on themselves.

206.     After was seemed an eternity, the emergency responders began to transfer people from the tender to a second boat. After only about fifty people remained on board, the tender was towed to shore. By this time, many hours had transpired

207.     As a result of the ordeal, Ms. Dotel Pérez suffered trauma throughout her body and inhaled an inordinate amount of smoke.

208.     At present, Ms. Dotel Pérez continues with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

209.     In all, Ms. Dotel Pérez will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**p.      Plaintiffs Carlos Andrés Zena, Joanny Rosario Acosta and minor plaintiff Michell O'Neill Zena Rosario.**

210.     On August 16, 2016, Mr. Carlos Andrés Zena, Ms. Joanny Rosario Acosta and their 7-year-old daughter Michell O'Neill Zena Rosario, boarded the M/V Caribbean Fantasy to return to Puerto Rico. The evening was spent in the general sitting area and characterized as particularly hot and muggy, as the air-conditioning system on board was not working, the cctv was also down, and the electrical plugs were not working.

211.     Sometime after 7:00 a.m. on August 17, 2016, they heard a public announcement that there was a fire on board that could not be extinguished and not panic.  As instructed, they proceeded to the vessel's upper level.

212.     Upon hearing said news, pandemonium broke out and the scene was marked by

total chaos.  On topside, they had to wait for some time before being told to board one of its tenders, and during this time, they inhaled an inordinate amount of smoke.

213.   As the tender was being lowered to the ocean, one of the lines got stuck and the tender began to hit the side of the M/V. Caribbean Fantasy, as a result of the wave action. During this time, the occupants of said tender received multiple trauma and contusions.   80.   The hull of the tender also suffered damages, due to cracks sustained by the impacts against the side of the M/V Caribbean Fantasy and commenced to make water, further exacerbating the injuries suffered by the plaintiffs.

214.   Once the tender was freed from the cable and lowered, it was done with great force, as if it had been dropped without any control, which further caused injuries to the tender's occupants. Michelle not only suffered trauma throughout her body, but a blunt to trauma to the right-hand side of her head, while her parents suffered multiple bodily injuries.

215.   When the tender was freed from the lines and its engine was started, it became evident that it did not work, as a result of which the tender was adrift for various hours in the open Atlantic Ocean. During this time at sea, the tender began to make water through the cracks in the hull as a result of the banging against the hull of the vessel, for which the passengers and crew members on board had to frantically thread water out. Likewise, most passengers and crew members on board got sick, and the dantesque scene was marked by the constant vomiting of people inside the tender, including on themselves.

216.   During this ordeal, Michelle and Ms. Rosario Acosta fainted on various times, and they had to be "awaken" with water.

217.   After was seemed an eternity, the emergency responders began to transfer people

from the tender to a second boat. After only about fifty people remained on board, the tender was towed to shore. By this time, many hours had transpired.

218.    On shore, they received emergency medical treatment. However, on the next day they felt pain throughout their bodies and sought medical treatment, which they have continued to receive. As a result of the injuries caused on August 17, 2016, they've had to seek medical care from the San José Medical Care Center, the Hoare Medical Care Center, Centro Médico and Hospital Municipal.  They have also sought psychological carel.

219.    As a result of the ordeal, Mr. Zena, Ms. Rosario Acosta and Michelle suffered trauma throughout their bodies and inhaled an inordinate amount of smoke. At present, they continue with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

220.    In all, Mr. Zena, Ms. Rosario Acosta and Michelle will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**q.     Plaintiff Francisco R. Nova Suero**

221.    On August 16, 2016, Mr. Francisco R. Nova Suero boarded the M/V Caribbean Fantasy to return to Puerto Rico. He had paid for a cabin on board the vessel and during the evening had to be changed from one cabin to another, due to the lack of air-conditioning which was not working.

222.    Due to the heat during the evening, he awoke early in the morning of August 17, 2016, and at about 6:00 to 6:30 a.m., he went to the vessel's reception area. It is at this time that he sees a woman approaching the reception and crying. He then heard a public announcement that

there was a fire on board that could not be extinguished and not to panic.  As instructed, he proceeded to the vessel's upper level.

223.    Upon hearing said news, pandemonium broke out and the scene was marked by total chaos.  On topside, they had to wait for some time before being told to board one of its tenders, and during this time, they inhaled an inordinate amount of smoke.

224.    As the tender was being lowered to the ocean, one of the lines got stuck and the tender began to hit the side of the M/V. Caribbean Fantasy, as a result of the wave action. During this time, the occupants of said tender received multiple trauma and contusions.

225.    The hull of the tender also suffered damages, due to cracks sustained by the impacts against the side of the M/V Caribbean Fantasy and commenced to make water, further exacerbating the injuries suffered by the plaintiffs.

226.    Once the tender was freed from the cable and lowered, it was done with great force, as if it had been dropped without any control, which further caused injuries to the tender's occupants. Michelle not only suffered trauma throughout her body, but a blunt to trauma to the right-hand side of her head, while her parents suffered multiple bodily injuries.

227.    When the tender was freed from the lines and its engine was started, it became evident that it did not work, as a result of which the tender was adrift for various hours in the open Atlantic Ocean. During this time at sea, the tender began to make water through the cracks in the hull as a result of the banging against the hull of the vessel, for which the passengers and crew members on board had to frantically thread water out. Likewise, most passengers and crew members on board got sick, and the dantesque scene was marked by the constant vomiting of people inside the tender, including on themselves.

228.     After was seemed an eternity, the emergency responders began to transfer people from the tender to a second boat. After only about fifty people remained on board, the tender was towed to shore. By this time, many hours had transpired.

229.     On shore, Mr. Nova Suero had to receive emergency medical care due to high blood pressure and transferred to the Hoare Medical Services Center for further treatment and care.

230.     As a result of the ordeal, Mr. Nova Suero suffered trauma throughout their bodies and inhaled an inordinate amount of smoke. At present, he continues with pain throughout his bodys, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc. A pick-up truck that Mr. Nova was bringing to Puerto Rico on board the vessel suffered extensive damages as a result of the fire, smoke and heat inside the vessel's cargo area.

231.     In all, Mr. Nova Suero will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**r.     Plaintiff Maritza Vargas Rodríguez and minor plaintiff José Rafael Cabrera**

232.     On August 16, 2016, plaintiff Maritza Vargas Rodríguez and her minor son José Rafael Cabrera boarded the M/V Caribbean Fantasy in Santo Doming, Dominican Republic, for transportation to San Juan, Puerto Rico, where they intended to spent a vacation.

233.     They spent the evening and the voyage towards Puerto Rico in the vessel's general seating area, which was characterized as being hot and as the a/c was not working appropriately.

234.     Sometime prior to 7:00 a.m. she noticed that the vessel had stopped and it smelled as something was burning. Thereafter, they were instructed to proceed to the upper decks.

38

235.    At the upper deck, the passengers were given the life vests, the Captain showed up to area and appeared to be desperate and then waited for an inordinate amount of time in a chaotic scene as both crew members and passengers appeared to be desperate.

236.    They were eventually placed in one of the vessel's tenders. However, as the tender was being lowered, it got stuck on the way down and as a result of the wave action, it began to hit the hull of the ferry, and its bottom cracked. During the maneuver, the tender got stuck and could be totally lowered to the ocean. However, as the tender was hanging on the side of the vessel, waves began hitting it and the tender began to hit the hull of the vessel. The side of the tender in which plaintiff was seating cracked. The tender also began to make water.

237.    While seating inside the tender for many hours, and as a result of the wave action and the constant hitting of the tender against the vessel's hull, Ms. Vargas Rodríguez and her son José Rafael suffered injuries throughout their bodies. In her case, she suffered a particularly blunt trauma to her left shoulder.

238.    After many hours hanging from the side of the vessel, finally help arrived and they were transferred to another vessel, in which they were eventually taken to shore.

239.    Due to the ensuing pain in her neck and body, Ms. Vargas Rodríguez had to be treated on an emergency basis at the Doctor's Center Hospital, where she was diagnosed with muscle spasms and prescribed medication for the pain.

240.    At present, Ms. Vargas Rodríguez and her son José Rafael continue with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

241.    In all, Ms. Vargas Rodríguez and her son José Rafael will require extensive medical

39

treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**s.      Plaintiffs Glorivee Pérez Rivera, José Antonio Rodríguez Green and minor plaintiffs Taína Padró Pérez and Yarimar Padró Pérez**

242.     On August 16, 2016, plaintiffs Glorivee Pérez Rivera, José Antonio Rodríguez Green and minor plaintiffs Taína Padró Pérez and Yarimar Padró Pérez boarded the M/V Caribbean Fantasy in Santo Doming, Dominican Republic, for transportation to San Juan, Puerto Rico. They spent the evening and the voyage towards Puerto Rico in one of the vessel's berths, which was characterized as being hot and as the a/c was not working appropriately.

243.     At about 5:00 a.m. Mr. Rodríguez Green, who was unable to sleep, went topside to the vessel's stern. He noticed that one of the engines was failing and a lot of smoke was coming through the stack. Concluding that something was not right, he immediately went down to his cabin and instructed the family to get ready to leave at any time.

244.     He went to the stern for a second time, and all of a sudden, the area where he was standing was covered in smoke and he heard an explosion and a ring of smoke going through the vessel's stack. He went back down to the cabin to get his family.

245.     The whole family went topside to the upper deck, when they saw the Captain pass by giving the order to pass on the life vests.

246.     They were eventually placed in one of the vessel's tenders. However, as the tender was being lowered, it got stuck on the way down and as a result of the wave action, it began to hit the hull of the ferry, and its bottom cracked. During the maneuver, the tender got stuck and could be totally lowered to the ocean. However, as the tender was hanging on the side of the vessel,

waves began hitting it and the tender began to hit the hull of the vessel. The side of the tender in which plaintiff was seating cracked. The tender also began to make water.

247.    While seating inside the tender for many hours, and as a result of the wave action and the constant hitting of the tender against the vessel's hull, Ms. Vargas Rodríguez and her son José Rafael suffered injuries throughout their bodies. In her case, she suffered a particularly blunt trauma to her left shoulder.

248.    After many hours hanging from the side of the vessel, finally help arrived and they were transferred to another vessel, in which they were eventually taken to shore. In all, they spent about four hours inside the tender hitting the hull of the vessel as a result of the wave action.

249.    Due to the ensuing pain in her neck and body, Ms. Pérez Rivera suffered an episode of high blood pressure and had to treated on an emergency basis and even an EKG was taken.

250.    At present, Ms. Pérez Rivera, Mr. Rodríguez Green, minors Taina and Yarimar, continue with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

251.    In all, Ms. Pérez Rivera, Mr. Rodríguez Green, minors Taina and Yarimar, will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**t.    Plaintiff Irene Kery Ernex, Berenice Moreta Kery, minor plaintiff Breilin Moreta and Lourdes Kery Romero**

252.    On August 16, 2016, plaintiffs Irene Kery Ernex Berenice Moreta Kery, minor plaintiff Breilin Moreta and Lourdes Kery Romero boarded the M/V Caribbean Fantasy in Santo

41

Doming, Dominican Republic, for transportation to San Juan, Puerto Rico. They spent the evening and the voyage towards Puerto Rico in one of the vessel's berths, which was characterized as being hot and as the a/c was not working appropriately

253.    At about 7:00 a.m. of August 17, 2016, they felt that the vessel had stopped in the water and went outside her cabin, where she saw a lot of smoke.  She ran topside and through the vessel's public address system, advising the public that there was a fire on board the M/V Caribbean Fantasy, which was out of control and instructing the passengers to walk to the upper deck. At the time of the mishap, the vessel was within a mile of the Bay of San Juan, well within the territorial waters of Puerto Rico.

254.    As instructed, they all proceeded to the upper deck, where she was met by a chaotic scene, as people were hysterical, screaming, pushing each other, shouting and some even jumped overboard to the open sea. At this juncture, she was exposed to the pungent smoke generated by the fire on board the M/V Caribbean Fantasy.

255.    As a healthy adult and after what seemed like an eternity to her, Ms. Kery Ernex was one of the last passengers to be instructed to leave the vessel, through a slide towards a holding raft, where they would be transferred to a second vessel and get to safety.

256.    As a result of sliding down to the holding raft, Ms. Kery Ernex got stuck on the way down due to the hastily manner in which the slide had been placed and suffered an injury to her right foot.

257.    Once on board the holding raft, Ms. Kery Ernex was literally thrown by the crew from the vessel towards an emergency raft, where she, and the other passengers and crew members on board had to wait for hours to be transported to shore. While waiting in the raft for transport to

shore, all passengers and crew members became sick and began throwing up uncontrollably, as a result of which she became impregnated not only with her vomit, but with that of fellow passengers and crew members.

258.    After many hours, Ms. Kery Ernex was finally transported to shore, where she was taken to the Hoare Municipal Health Care Dispensary, where after receiving emergency medical treatment, her condition was diagnosed injuries in her right ankle. She was then transferred to the Puerto Rico Medical Center where her right leg was placed in a cast and told to continue treatment with an orthopedic surgeon.

259.    Ms. Kery Romero also egressed the vessel through the hastily placed slide, and met Ms. Kery Ernex when she got stuck in it and assisted her with a crew member when she got stuck on the way down.

260.    Ms. Kery Romero suffered a burned left arm and back trauma, for which she was subsequently treated.

261.    At present, Ms. Kery Ernex continues with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

262.    In all, Ms. Kery Ernex will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

263.    Ms. Kery Romero continues with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

264.     In all, Ms. Kery Romero will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

265.     Ms. Moreta Kery and her minor daughter Breilin were instructed to egress the vessel in a tender.  However, as the tender was being lowered, it got stuck on the way down and as a result of the wave action, it began to hit the hull of the ferry, and its bottom cracked. During the maneuver, the tender got stuck and could be totally lowered to the ocean. However, as the tender was hanging on the side of the vessel, waves began hitting it and the tender began to hit the hull of the vessel. The side of the tender in which plaintiff was seating cracked. The tender also began to make water.

266.     While seating inside the tender for many hours, and as a result of the wave action and the constant hitting of the tender against the vessel's hull, Ms. Moreta Kery and her daughter Breilin suffered injuries throughout their bodies. In her case, she suffered a particularly blunt trauma to her head, while her daughter sustained multiple body trauma.

267.     After many hours hanging from the side of the vessel, finally help arrived and they were transferred to another vessel, in which they were eventually taken to shore. In all, they spent about four hours inside the tender hitting the hull of the vessel as a result of the wave action.

268.     Due to the ensuing pain in her neck and body, Ms. Moreta Kery and her daughter Breilin had to treated on an emergency basis at the Puerto Rico Medical Center.

269.     At present, Ms. Moreta Kery and her daughter Breilin continue with pain throughout their bodies, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

270.    In all, Ms. Moreta Kery and her daughter Breilin will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

**u.     Plaintiffs Otacilio de Luna Marte and Natividad Rubio de de Luna Marte**

271.    Plaintiffs Otacilio de Luna Marte and Natividad Rubio de de Luna Marte are of legal age, married to each other and residents of San Juan, Puerto Rico.

272.    Mr. De Luna Marte and Ms. Rubio boarded the M/V Caribbean Fantasy on August 16, 2016, and spent the voyage from the Dominican Republic to Puerto Rico in a cabin. The evening was characterized as hot, as the air-conditioning system was not working.

273.    At about 7:00 a.m. of August 17, 2016, Mr. De Luna Marte and Ms. Rubio heard an alarm through the vessel's public address system, advising the public that there was a fire on board the M/V Caribbean Fantasy, which was out of control and instructing the passengers to walk to the upper deck. At the time of the mishap, the vessel was within a mile of the Bay of San Juan, well within the territorial waters of Puerto Rico.

274.    As instructed, Mr. De Luna Marte and Ms. Rubio proceeded to the upper deck, where she was met by a chaotic scene, as people were hysterical, screaming, pushing each other, shouting and some even jumped overboard to the open sea. At this juncture, she was exposed to the pungent smoke generated by the fire on board the M/V Caribbean Fantasy.

275.    As healthy adults and after what seemed like an eternity to them, Mr. De Luna Marte and Ms. Rubio was one of the last passengers to be instructed to leave the vessel, through a slide towards a holding raft, where they would be transferred to a second vessel and get to safety.

276.    As a result of sliding down to the holding raft, suffered burns and trauma throughout

their bodies.

277.    Once on board the holding raft, Mr. De Luna Marte and Ms. Rubio were literally thrown by the crew from the vessel towards an emergency raft, where she, and the other passengers and crew members on board had to wait for hours to be transported to shore. While waiting in the raft for transport to shore, all passengers and crew members became sick and began throwing up uncontrollably, as a result of which she became impregnated not only with her vomit, but with that of fellow passengers and crew members.

278.    After many hours, Mr. De Luna Marte and Ms. Rubio were finally transported to shore, where she was taken to the Emergency Room of Hospital Pavía for emergency medical treatment.

279.    Upon their discharge from Hospital Pavía, they have continued to receive medical care from their private physicians.

280.    At present, Mr. De Luna Marte and Ms. Rubio continue with pain throughout her body, difficulty breathing and symptoms akin to post traumatic stress disorder, such as nightmares, fear of the sea, anxiety, etc.

282.    In all, Mr. De Luna Marte and Ms. Rubio will require extensive medical treatment in the future as a result of the physical and psychological damages suffered as a result of the catastrophe on board the M/V Caribbean Fantasy on August 17, 2016.

## IV. NEGLIGENCE AND LIABILITY

283.    Ever since entering service in Puerto Rico/Dominican Republic market and route, the M/V Caribbean Fantasy has had a poor maintenance and repair record. During the past three (3) years, 10.53% of all governmental inspections of the M/V Caribbean Fantasy have resulted in

detentions.

284.    A U.S. Coast Guard inspection earlier in the month of August, 2016, revealed deficiencies in related to fire safety and one to the propulsion and auxiliary machinery.

285.    During the month of October, 2016, the M/V Caribbean Fantasy was detained in the Port of San Juan for three (3) days for the following deficiencies: fire safety measures (international shore connection), crew certificates (certificates of competency) and ship's certificates and documents (safety manning document). The description of the fire prevention deficiency reads as follows:

> The condition of the ship and its equipment shall be maintained to conform with the provisions of the present regulations to ensure that the ship in all respects will remain fit to proceed to sea without danger to the ship or persons onboard in the engineering spaces, PSCO found deck plates slippery and surfaces coated with an oily layer. Oil was seeping from machinery and all bilge surfaces had a 1" thick layer of oil; bilge pockets were full creating a fire hazard.

286.    About a month prior to August 17, 2016, events averred herein, the M/V Caribbean Fantasy underwent extensive repair work in the Port of Tunis, Tunisia, which included extensive work in her engines, as well as other appurtenances.

287.    After concluding the work, the M/V Caribbean Fantasy continued from the Port of Tunis to the Port of Gibraltar for refueling, prior to continuing across the Atlantic to Puerto Rico. However, the M/V Caribbean Fantasy was detained at the Port of Gibraltar, as her engines failed and had to undergo further repairs. Specifically, the vessel was detained in Gibraltar for six (6) days and the deficiencies were related to the vessel's auxiliary engines.

288.    After the repairs were done at the Port of Gibraltar, M/V Caribbean Fantasy proceed to the Port of San Juan, Puerto Rico. However, during the voyage crossing the Atlantic Ocean, its engines failed once again and the M/V Caribbean Fantasy was adrift for a whole day in the middle

of the ocean.

289.     As a result of the second engine mishap in the Atlantic Ocean, the crew were able to start one of the M/V Caribbean Fantasy's engines and had to change course to the Port of Santo Domingo, Dominican Republic, since the authorities do not allow a vessel such as the M/V Caribbean Fantasy to enter the Port of San Juan with just one engine.

290.     In the Port of Santo Domingo the M/V Caribbean Fantasy underwent further engine repairs, before proceeding to the Port of San Juan with its two (2) engines.

291.     While at the Port of San Juan, the M/V Caribbean Fantasy underwent the necessary trials and inspections in order to renew its Coast Guard license, the vessel appurtenances and crew were inspected and tested. During the trials and testing, only one of the three (3) emergency tenders was tested.

292.     Ironically, during the emergency of August 178, 2016, out of the three tenders that the vessel possessed, only one worked. When the tenders of the M/V Caribbean Fantasy were called into use during the emergency, only one worked properly, as the other two (2) failed to work. One of them got stuck in the ropes while being lowered, and after hours of waiting in despair in it, the over one hundred (100) passengers on board had to be transferred one by one to other vessels for transport to shore. The third tender, after initially getting stuck in the ropes while being lowered, when it was finally lowered, its engine failed and was the tender adrift in the ocean for hours before the over hundred (100) passengers inside it were rescued by other vessels and the remaining passengers were towed to shore.

293.     Prior to departing Santo Domingo, Dominican Republic, on August 16, 2016, it was evident that the M/V Caribbean Fantasy was having mechanical and/or electrical problems,

prompting a delay in its departure. This delay was masked to the passengers as a passenger being unwell who had to be removed. However, no one saw a passenger being removed from the M/F Caribbean Fantasy prior to departing.

294.    In addition, on the evening of the date of the facts the passengers reported that the air conditioner inside the cabins was not working, and never worked. In addition, the TV monitors throughout the vessel and the electrical outlets in the public areas did not work. All of this, a further indication that something was wrong with mechanical and/or electrical appurtenances of the M/V Caribbean Fantasy.

295.    Finally, it was evident by the despair and chaos that ensued as soon as the abandon ship was ordered, that the crew of the M/V Caribbean Fantasy had not been properly trained in emergency and evacuation procedures.

296.    As a result of the defective engines, of which defendants had ample notice prior to August 17, 2016, the fact that only one of the three tenders of the vessel were working and the fact that its crew had not been properly trained in emergency evacuation procedures, the M/V Caribbean Fantasy was rendered unseaworthy.

297.    Defendants were negligent in the maintenance provided to the M/V Caribbean Fantasy, particularly as it pertains to its engines and other appurtenances, such as its emergency tenders, as well as in the repairs conducted on its engines. Said negligence, rendered the vessel unseaworthy and unfit for the transportation of passengers by hire.

298.    It was totally irresponsible and grossly negligent for the Defendants to operate the vessel on August 16 and 17, 2016, knowing of that the M/V Caribbean Fantasy was unseaworthy as a result of its defective engines, defective emergency tenders, defective emergency equipment,

deficient emergency procedures and deficient training of its crew in emergency and evacuation procedures. Because of that, Defendants are liable to plaintiffs for all of their damages.

## V. DAMAGES

299.   As a result of the defendants' negligent acts and/or omissions, and the M/V Caribbean Fantasy's unseaworthiness, plaintiffs suffered the damages outlined below:

**a.      Adriana Donaldson**

300.   Plaintiff Adriana Donaldson suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.       smoke inhalation;

b.       trauma throughout her body, but particularly to her right leg, knee and right arm and elbow;

c.       mental anguish as a result of the trauma suffered throughout her body; and

d.       psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

301.   In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Donaldson suffered mental anguish and pain in excess of the sum of $1,000,000.00.

302.   In addition to the foregoing, Ms. Donaldson has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**b.      Mariano de Léon Montero**

303.     Plaintiff Mariano de León Montero suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.       smoke inhalation;

b.       trauma throughout his body, but particularly to his abdomen, back and neck;

c.       mental anguish as a result of the trauma suffered throughout his body; and

d.       psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

305.     In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. De León Montero suffered mental anguish and pain in excess of the sum of $1,000,000.00.

306.     In addition to the foregoing, Mr. De León Montero has suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), a claim that includes those owned goods by him, as well as by his son Hiram de León Lorenzo and his daughter Benazir de León Lorenzo, which had a replacement value in excess of $21,000.00, a sum that includes the amount of $20,000.00 that he had been carrying in his carry-on bag to buy a vehicle in Puerto Rico; and medical expenses in excess of $1,000.00.

c.     **Ana María Lucía Lorenzo**

307.   Plaintiff Ana María Lucía Lorenzo suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.       smoke inhalation;

b.       trauma throughout her body, but particularly to her abdomen, neck and back;

    c.      mental anguish as a result of the trauma suffered throughout her body; and

    d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

308.     In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Lucía Lorenzo suffered mental anguish and pain in excess of the sum of $1,000,000.00.

309.     In addition to the foregoing, Ms. Lucía Lorenzo has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged retrieved and carry-on luggage which she was not allowed to retrieve and was lost), a claim that includes those owned goods by her, as well as her son Hiram de León Lorenzo and her daughter Benazir de León Lorenzo, which had a replacement value in excess of $1,000.00. and medical expenses in excess of $1,000.00.

**d.     Minors Hiram de León Lorenzo, Benazir de León Lorenzo**

310.     As parents with patria potestas and custody over minor plaintiffs Hiram and Benazir De León Lorenza, plaintiffs Mariano de Léon Montero and Ana María Lucía Lorenzo claim the following damages:

311.     Minor plaintiff Hiram de León Lorenzo suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

    a.      smoke inhalation;

    b.      trauma throughout his body, but particularly to his abdomen, neck and back;

    c.      mental anguish as a result of the trauma suffered throughout his body; and

    d.      psychological injuries for which he is currently suffering symptoms akin to those

suffered by patients with PTSD.

312.   Minor plaintiff Benazir de León Lorenzo suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.     smoke inhalation;

b.     trauma throughout his body, but particularly to her abdomen, neck and back;

c.     mental anguish as a result of the trauma suffered throughout her body; and

d.     psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, minor plaintiffs Hiram and Benazir De León Lorenza, suffered mental anguish and pain in excess of the sum of $1,000,000.00, each.

**e.     Ana Laura Bacilio**

313.   Plaintiff Ana Laura Bacilio suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.     smoke inhalation;

b.     trauma throughout her body, but particularly to her back and neck;

c.     mental anguish as a result of the trauma suffered throughout her body; and

d.     psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

314.   In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Bacilio suffered mental anguish and pain in excess of the sum of $1,000,000.00.

315.    In addition to the foregoing, Ms. Bacilio has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**f.    Yunior Alberto Mauricio**

316.    Plaintiff Yunior Alberto Mauricio suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.    smoke inhalation;

b.    trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.    mental anguish as a result of the trauma suffered throughout his body; and

d.    psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

317.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. Mauricio suffered mental anguish and pain in excess of the sum of $1,000,000.00.

318.    In addition to the foregoing, Mr. Mauricio suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), a claim that includes those owned goods by him, as well as by his son, minor plaintiff Ismael Esteban Mauricio, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**g.    Raquel Amarilis Trinidad**

319.     Plaintiff Raquel Amarilis Trinidad suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.       smoke inhalation;

b.       trauma throughout her body, but particularly to her arms, shoulders, neck and back;

c.       mental anguish as a result of the trauma suffered throughout her body; and

d.       psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

320.     In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Raquel Amarilis Trinidad suffered mental anguish and pain in excess of the sum of $1,000,000.00.

321.     In addition to the foregoing, Ms. Amarilis Trinidad has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and retrieved d and carry-on luggage which she was not allowed to retrieve and was lost), a claim that includes those owned goods by her, as well as her son, minor plaintiff Ismael Esteban Mauricio, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**h.       Ismael Esteban Mauricio**

322.     As parents with patria potestas and custody over minor plaintiff Ismael Esteban Mauricio, plaintiffs Yunior Alberto Mauricio and Raquel Amarilis Trinidad claim the following damages:

323.     Minor plaintiff Ismael Esteban Mauricio suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

55

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his abdomen, neck and back;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

324.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, minor plaintiff Ismael Esteban Mauricio suffered mental anguish and pain in excess of the sum of $1,000,000.00.

**i.      Yuamary Esmeralda Mauricio**

325.    Plaintiff Yuamary Esmeralda Mauricio suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout her body, but particularly to her arms, shoulders, neck and back;

c.      mental anguish as a result of the trauma suffered throughout her body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

326.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Yuamary Esmeralda Mauricio suffered mental anguish and pain in excess of the sum of $1,000,000.00.

327.    In addition to the foregoing, Ms. Mauricio has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged retrieved and carry-on luggage which she was not allowed to retrieve

and was lost), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**j.      Josafat Alberto Mauricio**

328.    Plaintiff Josafat Alberto Mauricio suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

      a.      smoke inhalation;

      b.      trauma throughout his body, but particularly to his arms, shoulders, back and neck;

      c.      mental anguish as a result of the trauma suffered throughout his body; and

      d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

329.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. Josafat Alberto Mauricio suffered mental anguish and pain in excess of the sum of $1,000,000.00.

330.    In addition to the foregoing, Mr. Mauricio has suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**l.      Hither Amauris Trinidad.**

331.    Plaintiff Amauris Trinidad suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

      a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

332.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. Hither Amauris Trinidad suffered mental anguish and pain in excess of the sum of $1,000,000.00.

333.    In addition to the foregoing, Mr. Amauris Trinidad has suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**m.      Mercedes Abreu Reyes**

334.    Plaintiff Mercedes Abreu Reyes suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

335.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Mercedes Abreu Reyes suffered mental anguish and pain in excess of the sum

of $1,000,000.00.

336.    In addition to the foregoing, Mr. Abreu Reyes has suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**n.    Orlenda Altagracia de Jesús**

337.    Plaintiff Orlenda Altagracia de Jesús suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.    smoke inhalation;

b.    trauma throughout her body, but particularly to her arms, shoulders, neck and back;

c.    mental anguish as a result of the trauma suffered throughout her body; and

d.    psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

338.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Altagracia de Jesús suffered mental anguish and pain in excess of the sum of $1,000,000.00.

339.    In addition to the foregoing, Ms. Altagracia de Jesús has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and retrieved d and carry-on luggage which she was not allowed to retrieve and was lost), including property of her minor daughters, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**o.   Alejandro José Taveras Reyes**

340.   Plaintiff Alejandro Taveras Reyes suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.   smoke inhalation;

b.   trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.   mental anguish as a result of the trauma suffered throughout his body; and

d.   psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

341.   In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. Taveras Reyes suffered mental anguish and pain in excess of the sum of $1,000,000.00.

342.   In addition to the foregoing, Mr. Taveras Reyes suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), a claim that includes those owned goods by him, including property of her minor daughters, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**p.   Mariana Alejandra Taveras de Jesús and Maria Alejandra Taveras de Jesús**

343.   As parents with patria potestas and custody over minor plaintiffs Mariana Alejandra Taveras de Jesús and Maria Alejandra Taveras de Jesús, plaintiffs Orlenda Altagracia de Jesús and Alejandro Taveras Reyes claim the following damages:

344.   Minor plaintiff Maríana Alejandra Taveras de Jesús suffered physical and

60

psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

     a.     smoke inhalation;

     b.     trauma throughout his body, but particularly to his abdomen, neck and back;

     c.     mental anguish as a result of the trauma suffered throughout his body; and

     d.     psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

345.     Minor plaintiff Maria Alejandra Taveras de Jesús suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

     a.     smoke inhalation;

     b.     trauma throughout his body, but particularly to her abdomen, neck and back;

     c.     mental anguish as a result of the trauma suffered throughout her body; and

     d.     psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

346.     In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, minor plaintiffs Mariana Alejandra Taveras de Jesús and Maria Alejandra Taveras de Jesús, suffered mental anguish and pain in excess of the sum of $1,000,000.00, each.

**q.**     **Juan Carlos Ureña**

347.     Plaintiff Juan Carlos Ureña suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

     a.     smoke inhalation;

     b.     trauma throughout his body, but particularly to his arms, shoulders, back and neck;

     c.     mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

348.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ureña suffered mental anguish and pain in excess of the sum of $1,000,000.00.

349.    In addition to the foregoing, Mr. Ureña suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), a claim that includes those owned goods by him, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**r.      Francis Raquel Ramírez Balbuena**

350.    Plaintiff Francis Raquel Ramírez Balbuena suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to her arms, left leg and knee, shoulders, back and neck;

c.      mental anguish as a result of the trauma suffered throughout her body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

351.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ureña suffered mental anguish and pain in excess of the sum of $1,000,000.00.

352.    In addition to the foregoing, Ms. Ramírez Balbuena suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked

luggage which has been damaged and carry-on luggage which she was not allowed to retrieve and has been lost), a claim that includes those owned goods by her, as well as by his son, minor plaintiff Ismael Esteban Mauricio, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**s.    Catalina Reiser Vázquez**

353.    Plaintiff Catalina Reiser Vázquez suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

        a.    smoke inhalation;

        b.    trauma throughout her body, but particularly to her neck, back, left arm, and legs.

        c.    mental anguish as a result of the trauma suffered throughout her body; and

        d.    psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

354.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Reiser Vázquez suffered mental anguish and pain in excess of the sum of $1,000,000.00.

355.    In addition to the foregoing, Ms. Reiser Vázquez has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged retrieved and carry-on luggage which she was not allowed to retrieve and was lost), with a replacement value in excess of $1,000.00 and medical expenses in excess of $1,000.00.

**t.    John Cardec Pagán**

356.     Plaintiff John Cardec Pagán suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

357.     In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. Carde suffered mental anguish and pain in excess of the sum of $1,000,000.00.

358.     In addition to the foregoing, Mr. Cardec Pagán suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), a claim that includes those owned goods by him, as well as by his son, minor plaintiff Ismael Esteban Mauricio, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**u.     Ivelisse Medina Carrasquillo**

359.     Plaintiff Ivelisse Medina Carrasquillo suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout her body, but particularly to her right leg, knee and right arm and elbow;

c.      mental anguish as a result of the trauma suffered throughout her body; and

64

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

.       In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Medina Carrasquillo suffered mental anguish and pain in excess of the sum of $1,000,000.00.

360.    In addition to the foregoing, Ms. Medina Carrasquillo has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**v.      Sinforoso Del Valle Vargas**

361.    Plaintiff Sinforoso Del Valle Vargas suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his abdomen, back and neck;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

362.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. Del Valle Vargas suffered mental anguish and pain in excess of the sum of $1,000,000.00.

363.    In addition to the foregoing, Mr. Del Valle Vargas has suffered property damages

due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), a claim that includes those owned goods by him, as well as by his children and that of his wife, which had a replacement value in excess of $9,000.00, a sum that includes the amount of $8,000.00 that he had been carrying; and medical expenses in excess of $1,000.00.

**w.  Kuisary Aquino Abril**

364.   Plaintiff Kuisary Aquino Abril suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.  smoke inhalation;

b.  trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.  mental anguish as a result of the trauma suffered throughout his body; and

d.  psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

365.   In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Aquino Abril suffered mental anguish and pain in excess of the sum of $1,000,000.00.

366.   In addition to the foregoing, Ms. Aquino Abril suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), a claim that includes those owned goods by him, including property of her children, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**x.  Giancarlo del Valle, Justin Del Valle, Zairis Mejía Aquino, Taini Del Valle and Laila**

**Aura Del Valle.**

367.    As parents with patria potestas and custody over minor plaintiffs Giancarlo del Valle, Justin Del Valle, Zairis Mejía Aquino, Taini Del Valle and Laila Aura Del Valle, plaintiffs Sinforoso Del Valle Vargas and Kuisary Aquino Abril claim the following damages:

368.    Minor plaintiff Giancarlo del Valle suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his abdomen, neck and back;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

369.    Minor plaintiff Justin Del Valle suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his abdomen, neck and back;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

370.    Minor plaintiff Zairis Mejía Aquino suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his abdomen, neck and back;

67

    c.      mental anguish as a result of the trauma suffered throughout his body; and

    d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

371.    Minor plaintiff Taini Del Valle suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

    a.      smoke inhalation;

    b.      trauma throughout his body, but particularly to his abdomen, neck and back;

    c.      mental anguish as a result of the trauma suffered throughout his body; and

    d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

372.    Minor plaintiff Laila Aura Del Valle suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

    a.      smoke inhalation;

    b.      trauma throughout his body, but particularly to his abdomen, neck and back;

    c.      mental anguish as a result of the trauma suffered throughout his body; and

    d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

373.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, minor plaintiffs plaintiffs Giancarlo del Valle, Justin Del Valle, Zairis Mejía Aquino, Taini Del Valle and Laila Aura Del Valle, suffered mental anguish and pain in excess of the sum of $1,000,000.00, each.

**y.**    **Emerenciana Bueno Taveras**

374.    Plaintiff Emerenciana Bueno Taveras suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

375.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Bueno Taveras suffered mental anguish and pain in excess of the sum of $1,000,000.00.

376.    In addition to the foregoing, Ms. Bueno Taveras suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), a claim that includes those owned goods by him, including property of her children, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**z.      Lourdes Bueno Taveras**

377.    Plaintiff Lourdes Bueno Taveras suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those

suffered by patients with PTSD.

388.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Bueno Taveras suffered mental anguish and pain in excess of the sum of $1,000,000.00.

389.    In addition to the foregoing, Ms. Bueno Taveras suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00

**aa.     Guillermo Rivera Reyes**

390.    Plaintiff Guillermo Rivera Reyes suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his arms, shoulders, back and neck;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

391.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. Rivera Reyes suffered mental anguish and pain in excess of the sum of $1,000,000.00.

392.    In addition to the foregoing, Mr. Rivera Reyes suffered property damages due to the loss of the goods that he had to leave behind in the M/V Caribbean Fantasy (checked luggage

which has been damaged and carry-on luggage which he was not allowed to retrieve and has been lost), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**bb.    Angela Maria Gumán Castillo**

393.    Plaintiff Angela María Guzmán Castillo suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout her body, but particularly to her abdomen, neck and back;

c.      mental anguish as a result of the trauma suffered throughout her body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

394.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Guzmán Castillo suffered mental anguish and pain in excess of the sum of $1,000,000.00.

395.    In addition to the foregoing, Ms. Guzmán Castillo has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged retrieved and carry-on luggage which she was not allowed to retrieve and was lost), a claim that includes those owned goods by her, as well as her son Hiram de León Lorenzo and her daughter Benazir de León Lorenzo, which had a replacement value in excess of $1,000.00. and medical expenses in excess of $1,000.00.

**cc.    Dilenis Dotel Pérez**

396.    Plaintiff Dilenis Dotel Pérez suffered physical and psychological injuries as a result

of the events of August 17, 2016, averred herein, such as:

     a.     smoke inhalation;

     b.     trauma throughout her body, but particularly to her right leg, knee and right arm and elbow;

     c.     mental anguish as a result of the trauma suffered throughout her body; and

     d.     psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

397.     In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Dotel Pérez suffered mental anguish and pain in excess of the sum of $1,000,000.00.

398.     In addition to the foregoing, Ms. Dotel Pérez has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**dd.   Carlos Andrés Zena**

399.     Plaintiff Carlos Andrés Zena suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

     a.     smoke inhalation;

     b.     trauma throughout his body;

     c.     mental anguish as a result of the trauma suffered throughout his body; and

     d.     psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

400.     In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Mr. Zena suffered mental anguish and pain in excess of the sum of $1,000,000.00.

401.     In addition to the foregoing, Mr. Zena has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00, the loss of $2,800.00 in cash that he had in his possession; and medical expenses in excess of $1,000.00.

**ee.     Joanny Rosario Acosta**

402.     Plaintiff Joanny Rosario Acosta suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

          a.       smoke inhalation;

          b.       trauma throughout her body;

          c.       mental anguish as a result of the trauma suffered throughout her body; and

          d.       psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

403.     In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Rosario Acosta suffered mental anguish and pain in excess of the sum of $1,000,000.00.

404.     In addition to the foregoing, Ms. Rosario Acosta has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; and medical expenses in excess of

$1,000.00.

**ff.    Minor Michelle O'Neill Zena Rosario.**

405.    As parents with patria potestas and custody over minor plaintiff Michelle O'Neill Zena Rosario, Mr.Carlos Andrés Zena and Ms. Joanny Rosario Acostaa, claim the following damages on her behalf:

406.    Minor plaintiff Michelle O'Neill Zena Rosario suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to her head;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

407.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, plaintiff Michelle O'Neill Zena Rosario suffered mental anguish and pain in excess of the sum of $1,000,000.00.

**g.      Francisco Nova Suero**

408.    Plaintiff Francisco Nova Suero suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout his body, but particularly to his head;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which he is currently suffering symptoms akin to those

74

suffered by patients with PTSD.

409.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, plaintiff Francisco Nova Suero suffered mental anguish and pain in excess of the sum of $1,000,000.00.

410.    In addition to the foregoing, Mr. Nova Suero has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; his pick-up truck suffered property damages in excess of $20,000.00; and medical expenses in excess of $1,000.00.

**gg.    Maritza Vargas Rodríguez**

411.    Plaintiff Maritza Vargas Rodríguez suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout her body, but particularly to her left arm, neck and back;

c.      mental anguish as a result of the trauma suffered throughout her body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

412.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Vargas Rodríguez suffered mental anguish and pain in excess of the sum of $1,000,000.00.

413.    In addition to the foregoing, Ms. Vargas Rodríguez has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked

luggage which has been damaged retrieved and carry-on luggage which she was not allowed to retrieve and was lost), a claim that includes those owned goods by her, as well as that of her son José Rafael Cabrera, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**hh.    Minor José Rafael Cabrera**

414.    As parent with patria potestas and custody over minor plaintiff José Rafael Cabrera Maritza Vargas Rodríguez claims the following damages:

415.    Minor plaintiff José Rafael Cabrera suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.    smoke inhalation;

b.    trauma throughout his body, but particularly to his abdomen, neck and back;

c.    mental anguish as a result of the trauma suffered throughout his body; and

d.    psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, minor plaintiff José Rafael Cabrera suffered mental anguish and pain in excess of the sum of $1,000,000.00.

**ii.    Glorivee Pérez Rivera**

416.    Plaintiff Glorivee Pérez Rivera suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.    smoke inhalation;

b.    trauma throughout her body;

c.      mental anguish as a result of the trauma suffered throughout her body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

417.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, Ms. Pérez Rivera suffered mental anguish and pain in excess of the sum of $1,000,000.00.

418.    In addition to the foregoing, Ms. Pérez Rivera has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged retrieved and carry-on luggage which she was not allowed to retrieve and was lost), a claim that includes those owned goods by her, as well as that of her daughters Taina Pádró Pérez and Yarimar Padró Pérez, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**jj.    Minors Taina Pádró Pérez and Yarimar Padró Pérez**

419.    As parent with patria potestas and custody over minor plaintiffs Taína Padró Pérez and Yarimar Padró Pérez, Ms. Glorivee Pérez Rivera claims the following damages:

420.    Minor plaintiff Taína Padró Pérez suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout her body;

c.      mental anguish as a result of the trauma suffered throughout her body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

421.     Minor plaintiff Yarimar Padró Pérez suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.       smoke inhalation;

b.       trauma throughout her body;

c.       mental anguish as a result of the trauma suffered throughout her body; and

d.       psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

422.     In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, minor plaintiffs Taina Pádró Pérez and Yarimar Padró Pérez suffered mental anguish and pain in excess of the sum of $1,000,000.00, each.

**kk.     José Antonio Rodríguez Green**

423.     Plaintiff José Antonio Rodríguez Green suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.       smoke inhalation;

b.       trauma throughout his body, but particularly to his head;

c.       mental anguish as a result of the trauma suffered throughout his body; and

d.       psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

424.     In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, plaintiff José Antonio Rodríguez Green suffered mental anguish and pain in excess of the sum of $1,000,000.00.

425.     In addition to the foregoing, Mr. Rodríguez Green has suffered property damages

78

due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**ll.**      **Irene Kery Ernex**

426.     Plaintiff Irene Kery Ernex suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

    a.        smoke inhalation;

    b.        trauma throughout her body, but particularly to her right leg;

    c.        mental anguish as a result of the trauma suffered throughout her body; and

    d.        psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

427.     In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, plaintiff Irene Kery Ernex suffered mental anguish and pain in excess of the sum of $1,000,000.00.

428.     In addition to the foregoing, Ms. Kery Ernex has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**mm.**   **Berenice Moreta Kery**

429.     Plaintiff Berenice Moreta Kery suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout her body, but particularly to her back;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

430.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, plaintiff Berenice Moreta Kery suffered mental anguish and pain in excess of the sum of $1,000,000.00.

431.    In addition to the foregoing, Ms. Moreta Kery has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), a claim that includes those owned goods by her, as well as that of her daughters Breilin Moreta, which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**nn.    Minor plaintiff Breilin Moreta**

432.    As parent with patria potestas and custody over minor plaintiff Breilin Moreta, Ms. Berenice Moreta Kery claims the following damages:

433.    Minor plaintiff Breilin Moreta suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout her body;

c.      mental anguish as a result of the trauma suffered throughout his body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

434.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, minor plaintiff Berenice Moreta suffered mental anguish and pain in excess of the sum of $1,000,000.00, each.

**oo.    Lourdes Kery Romero**

435.    Plaintiff Lourdes Kery Romero suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.      smoke inhalation;

b.      trauma throughout her body, but particularly to her arms;

c.      mental anguish as a result of the trauma suffered throughout her body; and

d.      psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

436.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, plaintiff Lourdes Kery Romero suffered mental anguish and pain in excess of the sum of $1,000,000.00.

437.    In addition to the foregoing, Ms. Kery Romero has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**pp.    Otacilio de Luna Marte**

438.    Plaintiff Otacilio de Luna Marte Romero suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.    smoke inhalation;

b.    trauma throughout his body, but particularly to his arms;

c.    mental anguish as a result of the trauma suffered throughout his body; and

d.    psychological injuries for which he is currently suffering symptoms akin to those suffered by patients with PTSD.

439.    In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, plaintiff Otacilio de Luna Marte suffered mental anguish and pain in excess of the sum of $1,000,000.00.

440.    In addition to the foregoing, Mr. Luna Marte has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

**qq.    Natividad Rubio de de Luna Marte**

441.    Plaintiff Natividad Rubio de de Luna Marte suffered physical and psychological injuries as a result of the events of August 17, 2016, averred herein, such as:

a.    smoke inhalation;

b.    trauma throughout her body, but particularly to her arms and back;

c.    mental anguish as a result of the trauma suffered throughout her body; and

d.    psychological injuries for which she is currently suffering symptoms akin to those suffered by patients with PTSD.

442.   In all, as a result of the injuries suffered by the negligible and culpable conduct of the defendants, plaintiff Otacilio de Luna Marte suffered mental anguish and pain in excess of the sum of $1,000,000.00.

443.   In addition to the foregoing, Mr. Luna Marte has suffered property damages due to the loss of the goods that she had to leave behind in the M/V Caribbean Fantasy (checked luggage which has been damaged and carry-on luggage which she was not allowed to retrieve), which had a replacement value in excess of $1,000.00; and medical expenses in excess of $1,000.00.

## VI. OBSTINACY

444.   Defendants have acted with obstinacy and, as such, they are liable not only for the payment of the principal of the sums demanded herein, but also for the payment of pre-judgment interest and attorney's fees.

## VII. JURY DEMAND

455.   Plaintiffs demand trial by jury on all issued so triable.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the instant complaint and awards the following relief:

a.   Determine that Plaintiffs have suffered damages and that defendants are liable;

b.   Determine the fair amount of damages suffered by plaintiffs;

c.   Enter a judgment in favor of Plaintiffs and against Defendants in the amount of the damages suffered by them;

d.   Award Plaintiffs the costs and expenses of this action, including reasonable attorney's fees and

83

e.      Grant such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 8th day of March, 2017.

**I HEREBY CERTIFY** that on March 8, 2018, we presented the foregoing to the Clerk of

the Court for filing and uploading to the CM/ECF system.

***s/Richard Schell-Asad***
Richard Schell-Asad - USDC-PR No. 203207
Attorney for Plaintiffs
**Troncoso & Schell**
254 San José St.
El Mundo Bldg., Third Floor
San Juan, PR 00901
Tel: (787) 722-0741
Fax: (787) 724-2563
E mail: rschellasad@aol.com