**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN THE MATTER OF:<br><br>**BAJA FERRIES S.A. DE C.V.,**<br><br>FOR EXONERATION FROM OR LIMITATION OF LIABILITY AS OWNER OF THE M/V CARIBBEAN FANTASY,<br><br>**PLAINTIFF-PETITIONER.** | **Civil No**. 17-1172 (DRD)<br><br>**Consolidated Into**: 16-2529 (DRD) |

## OPINION AND ORDER

Pending before the Court are two *Motions to Dismiss* Plaintiff-Petitioner Baja Ferries S.A. de C.V.'s ("Baja Ferries") *Complaint-Petition for Exoneration From or Limitation of Liability* (Docket Nos. 112 and 116) and two *Oppositions to Baja Ferries' Motion Submitting Proposed Order of Monition* (Docket Nos. 113 and 115) filed by a collective of plaintiffs from Civil No. 16-cv-2529. For the reasons stated below, Defendants' motions are **DENIED** and Baja Ferries' *Motion Submitting Proposed Order of Monition* (Docket No. 110) is **NOTED and GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

The underlying petition filed by Baja Ferries seeks to limit its potential liability as owner of the M/V Caribbean Fantasy ("Caribbean Fantasy"). Baja Ferries' exposure to liability stems from a fire aboard the Caribbean Fantasy during a voyage between the Dominican Republic and Puerto Rico spanning from August 16, 2017 to August 17, 2017. No persons died during the fire. However, upwards of thirty (30) tort cases have

---

[1] The facts outlined below are neither exhaustive nor indicative of all the factual allegations set forth in the complaint. The facts, as outlined, simply relate to the arguments set forth in the pending motion to dismiss.

been filed in the District Court to recover damages suffered because of the fire. The cases were consolidated into 16-cv-2529 (DRD).

On February 6, 2017, Baja Ferries filed a *Complaint-Petition for Exoneration From or Limitation o Liability* (17-cv-1172, Docket No. 1). The United States Limitation of Shipowner's Liability Act, 46 U.S.C. §§ 30501-30512, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Supplemental Rule F, provide for ship owners to seek this type of liability limitation for potential fault or negligence stemming from an accident similar to the Caribbean Fantasy fire. Baja Ferries asserted the value of the Caribbean Fantasy on the date of the accident was $1,900,000.00. Accordingly, Baja Ferries submitted a Letter of Undertaking from Steamship Mutual Underwriting Association Limited for the aggregate amount of $2,198,256.24. The amount represents the sum of the value of the vessel, the value of the pending freight at the time of the accident ($173, 826.64), and the 6% annual interest required by Rule 4 ($124,429.60). Baja Ferries also requested the Court issue a Notice to all potential claimants to file their claims on or before a future date to be fixed by the Court.

On February 22, 2017, several plaintiffs from the underlying tort case, 16-cv-2529, joined to file a *Motion to Dismiss* Baja Ferries' *Complaint-Petition*. *See* Docket No. 112. The following day, another conglomerate of plaintiffs from the aforementioned tort case joined to file a *Motion to Dismiss* Baja Ferries' *Complaint-Petition. See* Docket No. 116. In synthesis, the plaintiffs seek dismissal of the complaint-petition because it does not comply with all the requirements of Supplemental Rule F(2). Specifically, the complaint-petition omitted:

> 1) the facts on the basis of which the right to limit liability is asserted; 2) the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the Plaintiff-Petitioner; 3) what actions and proceedings, if any, are pending thereon; 4) a detailed explanation of how the alleged post value of the vessel and pending freight was calculated; 5) the amount of any pending freight recovered or recoverable and; 6) in whose possession the Ferry may be found.

Docket No. 112 at 4-5.

In the alternative, the movants prayed the Court to order Baja Ferries to increase the security as it is purportedly less than the value of the vessel and the pending freight.

On February 22, 2017, the same two groups of plaintiffs filed oppositions to Baja Ferries' *Motion Submitting Proposed Order of Monition*. *See* Docket Nos. 113 and 115. The parties contested Baja Ferries' valuation of the Caribbean Fantasy and, as a result, moved the Court to order an appraisal of the ship and to order Baja Ferries to increase their deposited security.

On Mach 20, 2017, Baja Ferries filed a *Memorandum of Law* (Docket No. 179) addressing the motions to dismiss and the oppositions to its *Proposed Order of Monition*. Baja Ferries posited that their complaint-petition was sufficient to clear the threshold of Rule 12(b)(6). Additionally, Plaintiff-Petitioner averred that any challenges to the valuation of the ferry and the amount of security are premature and can be sorted out through limited discovery as well as competing appraisals.

## II. ANALYSIS

The Court starts its analysis by emphasizing that it must navigate the treacherous waters of the pending motions to dismiss without a guiding beacon. Movants have failed to illuminate the Court's path with a particular allegation under a specific Federal Rule of Civil Procedure. The Court therefore opted for a journey down the familiar path of Rule 12(b)(6) which leads us to a most common destination—a denial of the pending motions to dismiss. We explain below.

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in

fact).')(quoting *Twombly*, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The controversy before the Court comes by way of the Shipowner's Limitation of Liability Act ("the Act"), 46 U.S.C. § 181 *et seq.*, which "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001). The Act serves "to limit the liability of vessel owners to their interest in the adventure ... and thus to encourage shipbuilding and to induce capitalists to invest money in this branch of industry." *British Transp. Comm'n v. United States*, 354 U.S. 129, 133 (1957) (citations omitted). Additionally, the Act "had the purpose of putting American shipping upon an equality with that of other maritime nations that had their own limitation acts." *Lewis*, 531 U.S. at 446-47 (quoting *The Main v. Williams*, 152 U.S. 122, 128 (1894)) (internal quotation marks omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). This step requires the Court accept as true all the allegations in the petition and disregard any conclusory statements or factually threadbare recital of the elements of a cause of action. *See Iqbal*, 556 U.S. at 678.

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. 679. This second step is "context-specific" and requires that the Court draw from its own

"judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.*

The movants posit that Petitioner Baja Ferries failed to comply with Rule F of the Supplemental Rules governing Admiralty and Maritime Claims by omitting:

> 1) the facts on the basis of which the right to limit liability is asserted; 2) the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the Plaintiff-Petitioner; 3) what actions and proceedings, if any, are pending thereon; 4) a detailed explanation of how the alleged post value of the vessel and pending freight was calculated; 5) the amount of any pending freight recovered or recoverable and; 6) in whose possession the Ferry may be found.

The movants then charge that Baja Ferries should not be permitted to limit its liability pursuant to the Act. Movants are perilously placing the cart before the horse.

In order to survive a motion to dismiss, "[a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). However, the First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, as the movants have done, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Iqbal*, 556 U.S. 679); *see Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); *see Ocasio-Hernandez*, 640 F.3d at 12 (citing *Twombly*, 550 U.S. at 556)("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29.

Here, Baja Ferries has certainly stated a plausible case for relief. Baja Ferries accepted its ownership of the Caribbean Fantasy while maintaining that it had exercised due diligence in its ownership, as the law requires. Moreover, Baja Ferries asserted the value of the Caribbean Fantasy on the date of the accident was $1,900,000.00 and submitted a Letter of Undertaking from Steamship Mutual Underwriting Association Limited for the aggregate amount of $2,198,256.24.[2] On the other hand, the docket of civil case 16-2529, under which the instant action is consolidated, is rife with the facts from which Baja Ferries' liability arises, contains the amount of claims asserted against Baja Ferries, and contains the actions and proceedings pending against them because of the accident. Thus, the docket itself cures any alleged shortcomings in the complaint-petition. To dismiss Baja Ferries' complaint-petition for failing to include redundant information would be a disservice to justice.

## IV. CONCLUSION

For the aforementioned reasons, the *Motions to Dismiss* Plaintiff-Petitioner Baja Ferries S.A. de C.V.'s *Complaint-Petition for Exoneration From or Limitation of Liability* (Docket Nos. 112 and 116) are **DENIED** and Baja Ferries' *Motion Submitting Proposed Order of Monition* (Docket No. 110) is **NOTED and GRANTED**. In accordance with Rule F(3) and (4), the Court hereby **STAYS** all proceedings in case 16-cv-2529 with the exception of the instant proceedings, originally filed under 17-cv-1172. These proceedings are to remain stayed pending resolution of all limitation of liability proceedings. The Court will also issue notice to all persons having claims against Baja Ferries to file their claims within sixty (60) days from the filing of the notice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of April, 2017.

                                                                 s/ Daniel R. Dominguez
                                                                  DANIEL R. DOMINGUEZ
                                                                  U.S. DISTRICT JUDGE

---

[2] Any issues with the valuation provided by Baja Ferries may be resolved through discovery.