**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN THE MATTER OF:<br><br>**BAJA FERRIES S.A. DE C.V.,**<br><br>FOR EXONERATION FROM OR LIMITATION OF LIABILITY AS OWNER OF THE M/V CARIBBEAN FANTASY,<br><br>**PLAINTIFF-PETITIONER.** | **Civil No**. 17-1172 (DRD)<br><br>**Consolidated Into**: 16-2529 (DRD) |

## ORDER

On February 6, 2017, Baja Ferries filed a *Complaint-Petition for Exoneration From or Limitation of Liability* (17-cv-1172, Docket No. 1; "*Complaint-Petition*") under the United States Limitation of Shipowner's Liability Act, 46 U.S.C. §§ 30501-30512, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims. A group of claimants now moves to strike paragraph 17 of the *Complaint-Petition* (Docket No. 480) under Rule 12(f). Petitioner duly opposed the claimants' motion. *See* Docket Nos. 490 and 515.

Under Rule 12(f) the Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Claimants contend the Court should strike paragraph 17 of the *Complaint-Petition*, which provides:

> The plaintiff-petitioner further specifically alleges that this Petition-Complaint, and the claim for exoneration from or limitation of liability asserted herein, **is filed not only on their behalf, but also on behalf of their liability insurers and underwriters, shareholders, managers and agents that would be entitled to exoneration from or limitation of liability to the same extent as the owner and the bareboat charterer**, and their liability in the premises, if any, shall, accordingly, not exceed that of the liability of the plaintiff-petitioner, if any.

17-cv-1172, Docket No. 1, ¶17 (emphasis ours). Claimants posit the Court should strike the emphasized portion of the *Complaint-Petition* because Petitioner may not claim rights on behalf of its insurer. Claimants

1

do not argue the paragraph is redundant, immaterial, impertinent, or scandalous nor do they aver the paragraph is an insufficient defense.

Claimants did not comply with the Rule's provision that movants under Rule 12(f) must file the motion "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. 12(f)(2). Claimants filed their response to the Complaint-Petition on June 23, 2017 (Docket No. 350; Docket No. 351) and filed their motion to strike on August 12, 2017 (Docket No. 480). At the risk of gilding the lily, their motion was filed after their response and long after being served with the pleading and must be denied.

Assuming arguendo that Claimants had complied with the timing requirements of the Rule, the Court would deny their motion as a matter of law. Specifically, "such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013)(quoting *Boreri v. Fiat S.p.A.,* 763 F.2d 17, 23 (1st Cir.1985)). Courts disfavor these motions and, accordingly, require a movant to show "that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5C Charles Alan Wright, et. al., *Federal Practice & Procedure* § 1380 (3d ed.2011). Here, although Petitioner may have included a legally flawed prayer for relief in their Complaint-Petition, the Court does not find the pleading to meet the standard required by Rule 12(f). Accordingly, the Court **DENIES** Claimants' Motion to Strike (Docket No. 480).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of August, 2017.

s/ Daniel R. Dominguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE